Carroll County v. Cheatham et al.

CARROLL COUNTY, Appellant, *v.* JAMES A. CHEATHAM *et al.*, Respondents.

1. *County, suit by to collect money — Payment may be made to plaintiff's attorney without special authority given him to institute suit.*— In suit by a county for the collection of money, payment may be made by defendant to the lawfully authorized agent and attorney of the county, without proof of any special authority conferred upon the attorney to institute the suit. He was warranted in receiving the money sued for as in other cases.

*Appeal from Chariton Circuit Court.*

*C. A. Winslow*, for appellant.

I. In making the payment relied upon, defendant was acting in pursuance of his previous obligation to pay under the statute — an obligation voluntarily assumed; and if he made the payment contrary to the statute, or to an unauthorized person, he acted at his own peril.

Among the county officers selected by the Legislature to manage the school funds (see art. II, p. 1419, R. C. 1855) county attorneys are nowhere to be found. They are not specially mentioned in the statute, and no duties have been assigned them in the premises. The Legislature ignored them altogether.

Defendant obligated himself as a part of the contract to pay the borrowed money back into the county treasury. He cannot discharge himself by showing that he paid•it to the county attorney instead of the treasurer.

II. Troxell, as county attorney, by virtue of his official position alone, without especial authority conferred on him, had no authority to commence the attachment suit. The county attorney is an officer of the county, and the management of these funds is not vested in the county, but in the County Court as agent of the State. The county has no agency in the premises, and the official relations of the county attorney are to the county. The county is only selected for prudential reasons as the nominal plaintiff in suits on the bonds, the nominal obligee in them, and has no personal interest in the funds or their management, and no active duties to perform.

25—VOL. XLVIII.

*H. Tutt*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues on three $100 notes given to the county upon the loan of school moneys. The execution of the notes is admitted, and the defendants plead payment in bar of the action. At the trial evidence was given tending to show that the same notes were previously sued upon in an attachment against Cheatham, who was the principal in the notes. There was also evidence tending to show that the County Court of Carroll county assented to the notes being placed in the hands of Troxell, the county attorney, for the purposes of such suit, but upon the condition that one of Cheatham's sureties, who desired the suit to be instituted, should pay all costs and expenses attending it. There was also evidence tending to show that Cheatham, subsequently to the institution of the attachment suit, paid the full amount due upon the notes to Troxell, the county attorney, and the attorney of record in the suit. Under the evidence the court refused to instruct the jury that Troxell had no authority to receive the money, or that the payment to him was unwarranted, unless the County Court of Carroll county *especially* authorized the institution of the attachment suit. It did instruct the jury, however, and at the instance of the plaintiff, that the supposed payment was wholly unwarranted and invalid unless the jury should find from the evidence that Troxell, at the time said payment is claimed to have been made, was the lawfully authorized agent and attorney of the plaintiff to bring the attachment suit and collect the money due on said bonds (notes); and further, that the verdict must be for the plaintiff unless the jury found the further fact that the defendants, or some one in their behalf, " actually and in good faith paid in money the amount of said bonds and the interest due thereon." I think the instructions given fairly presented the plaintiff's case on the issue of payment, and that those refused were properly refused.

There is nothing in the statute to which the plaintiff's counsel refers (R. C. 1855, ch. 143, art. II) that has any bearing on

the point here involved. The county, like any other party, was warranted in appearing and acting through its attorney of record, and the attorney was warranted in receiving the money sued for as in other cases. I have examined all the instructions asked by the plaintiff and refused by the court, as also those given at the instance of the defendants, to which the plaintiff objects. I find nothing in them to warrant a disturbance of the judgment, and see no sufficient occasion for reviewing them in detail. As already remarked, the plaintiff has no substantial ground of complaint because of the action of the court in placing before the jury the law in relation to Troxell's agency and upon the issue of payment.

The judgment will be affirmed. The other judges concur.