M. B. RHINEHART, Respondent, v. NEW MADRID BANKING COMPANY et al., Appellants.

St. Louis Court of Appeals, March 17, 1903.

1. **Attorney at Law**: AUTHORITY TO COLLECT MONEY DUE ON JUDGMENT. An attorney of record who prosecutes a suit to judgment for his client has authority to receive the money due on the judgment.

2. ———: ———: TRUSTEE: CREDITOR: DEBTOR. Where an attorney collects the money on a judgment for his client and deposits the money in a bank, this creates the relation of creditor and debtor between him and the bank, and the trust relation existing between the attorney and his client does not, under such circumstances, pass over to the bank, nor can the bank be charged as trustee of the client in respect to the money.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley*, Judge.

REVERSED.

### STATEMENT.

The facts in this case, briefly stated, are that Robert Rutledge, an attorney at law, prosecuted a suit for the plaintiff and recovered a judgment in her favor for $2,142.32, which amount he collected and deposited in the defendant bank to his individual credit. Afterwards he gave a check to plaintiff against the deposit for $1,792.35, which plaintiff presented to the bank and had cashed. At the time she cashed the check she notified the cashier that there were yet $117 of the money deposited by Rutledge due to her, and that Rutledge had overcharged her that amount as attorney's fee. The $350, the balance of the judgment collected by Rutledge and remaining to his credit in the bank, he claimed for fee for his services and to reimburse him for money he had paid out as expenses in the prosecution of plaintiff's lawsuit.

This suit was brought against both the bank and Rutledge. A demurrer was interposed to the petition by defendant on the ground that the petition failed to state any cause of action and that there was a misjoinder of parties defendant. Plaintiff thereupon dismissed her suit as to Rutledge and the demurrer was overruled as to the bank.

The bank filed an answer denying generally the allegations of the petition.

The issues were submitted to the court, who gave plaintiff judgment, whereupon defendant appealed.

*Robert Rutledge* for appellant.

(1) The relation of attorney and client existed. Plaintiff says in her petition that Rutledge did well

and truly represent her and faithfully prosecute said action to a final realization in the sum of $2,143. Rutledge, having performed all the professional labor necessary to the collection of the judgment, was entitled to his fee. He had a right to collect the judgment and take out his fee. She says herself that the fee was contingent. He was a part owner of the judgment. On her own evidence she can not recover in this action. Acock's Adm'r v. McBroom, 38 Mo. 342; Whelan v. Reilly, 61 Mo. 565; Carroll Co. v. Cheatham, 48 Mo. 385; James v. Mutual Association, 148 Mo. 1; Lumber Co. v. Moss Tie Co., 79 Mo. App. 543. (2) This court will not uphold a judgment if it is apparent that declarations were given simply to burn the bridges behind. Our courts have been established that justice may be done; that right may rule, and that the rights of all may be justly determined free from passion and prejudice. This was the hard-earned fee of Rutledge and not the money of the bank, and the trial judge knew this fact. He did not sit in the case of respondent against People's Bank. Rhinehart v. People's Bank, 89 Mo. App. 571. The bank did not hold the money as a trust fund, or for her, or to be paid to her. The condition of debtor and creditor existed between Rutledge and the bank and there was nothing to require an interpleading. Ely v. Coontz, 167 Mo. 371.

*James V. Conran* for respondent.

(1) The court will not on appeal undertake to pass on the weight of the testimony. Presumption favors the trial court. Byrne v. Curran, 70 Mo. App. 126; Downing v. Railroad, 70 Mo. App. 657; James v. Hicks, 76 Mo. App. 108; Kuhn v. Ins. Co., 71 Mo. App. 305; Cash v. Colman, 145 Mo. 645; Sullen v. Reader, 149 Mo. 297. (2) Defendant had its right to have had an interpleading, or failing that, the right to raise the issue of rival claimants by answer. This it failed to

do, its answer having been a general denial, and this court at this time should not heed its complaint. Sullivan v. K. of F. M., 73 Mo. App. 43.

BLAND, P. J.—An attorney of record who prosecutes a suit to judgment for his client has authority to receive the money due on the judgment. Acock's Admr. v. McBroom, 38 Mo. 342; Carroll County v. Cheatham et al., 48 Mo. 385. The depositing of the money by Rutledge in the bank created the relation of debtor and creditor between him and the bank (Paul v. Draper, 73 Mo. App. 566), and it was no concern of the bank's that Rutledge had collected the money as attorney to plaintiff. His trust relation to the plaintiff did not pass over to, nor charge the bank as trustee of the plaintiff in respect to the money deposited by Rutledge. Plaintiff, by a proper suit in equity, might have stopped the money in the hands of the bank and subjected it to her claim and recovered the fund itself. But there was no contractual relation, in respect to the money, between her and the bank, and she was not entitled to a money judgment in her suit at law against the bank.

The judgment is reversed. All concur.