FRANK M. ROGERS v. FLORENCE H. RICHARDS *et al.*

No. 13,101.    (74 Pac. 255.)

SYLLABUS BY THE COURT.

1. CONVEYANCE—*Fraud — Limitation of Action.*  An action to set aside a deed because of fraud in obtaining it, the grantor supposing the instrument executed to have been a power of attorney, is ordinarily barred in two years after the filing of such deed for record in the office of the register of deeds of the county where the real estate is situate.  Such filing amounts, as a matter of law, to a discovery of the fraud by the grantor.

2. ———— *Trust Not a Gift.*  A deed conveying property to be held in trust for a third party until the death of the grantor, and not made in contemplation of the near approach of death, is neither a gift *inter vivos* nor one *causa mortis.*

3. ———— *Fraudulent Trust.*  Where such a trust is in parol it is void under the statute of frauds, and cannot be enforced against the grantee.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed November 7, 1903. Affirmed.

*S. B. Amidon*, for plaintiff in error.

*Kos Harris*, and *V. Harris*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The error here complained of is that the court erred in sustaining defendant's objection to the introduction of any evidence by the plaintiff in support of his petition. The facts as disclosed by the petition, briefly stated, are these : Josephine M. Rogers was the mother of the plaintiff and of Florence H. Richards and the grandmother of Lena Richards. H. H. Richards was the husband of Florence and the father of Lena. Prior to the 5th day of January, 1899, she was, and for more than two years prior thereto had been, the owner of four lots in Wichita, Kan. On that date she died intestate, leaving as her sole heirs her two said children, owing no debts of any kind whatever. On the 4th day of December, 1896, there were filed in the office of the register of deeds of Sedgwick county deeds theretofore executed by Mrs. Rogers, conveying these lots to her granddaughter, Lena. These deeds had been executed by Mrs. Rogers upon the representation of Mr. and Mrs. Richards that they were powers of attorney for the purpose of enabling Lena to manage the property and collect the rents for Mrs. Rogers, and Mrs. Rogers thought they were such powers of attorney at the time of their execution. She was old, feeble and infirm in body and mind and trusted to, and reposed confidence in, Mr. and Mrs. Richards. She remained in possession of the property up to the time of her

death and received the rents therefor, and never had any knowledge of the fact that the papers which she had signed were deeds to the property, or that such deeds had been made of record in the register's office.

As a second cause of action, the petition further stated that, as an inducement to the making of these deeds, Mrs. Rogers was assured by the defendants that the costs incident to the administration of her estate would absorb it all, and if she would make the deeds to Lena the latter would, after her death, convey one-half of the real estate to the. plaintiff, her uncle ; that it was for the purpose of effectuating this oral agreement that these deeds were executed by her. The opening statement of counsel for plaintiff, among other things, stated that these deeds were delivered either to Lena or her father for her. Under this state of facts, did the court err in sustaining the objection to the introduction of evidence ?

If any cause of action was stated in the first part of plaintiff's petition, it was for relief on the ground of fraud, the fraud being in obtaining the deeds under the representation that they were powers of attorney. The statute of limitations bars an action upon this ground in two years after the discovery of the fraud. These deeds had been made of public record for more than two years prior to the death of Mrs. Rogers. This court has held in *Black v. Black*, 64 Kan. 689, 68 Pac. 662, that the recording of instruments in public records is sufficient notice of their existence to start the running of the statutes of limitations in connection therewith.

It is contended that the facts stated in the second cause of action create a gift *inter vivos* or one *causa mortis;* or, if neither, that they show that Lena Rich ards is trustee *ex maleficio* of the undivided one-half

of this real estate, and as such can be compelled to convey the same to the plaintiff, he being the *cestui que trust*, in either of which cases, this count stated a cause of action. We are compelled to disagree with counsel as to all of these views. The facts set out do not disclose a gift *inter vivos*, because such gift was not to take effect immediately. Nor do they disclose one *causa mortis*, because it was not made in contemplation of the near approach of death. (*Calvin v. Free*, 66 Kan. 466, 71 Pac. 823.) Nor is Lena Richards trustee *ex maleficio*. The trust confided in her, as alleged in this cause of action, was one to take and hold the title for the plaintiff and convey one-half thereof to him after the death of the grantor. A trust *ex maleficio* arises on account of the fraud or misconduct of the trustee in taking title, or by virtue of some illegal act upon his part. Such are not the facts here. The allegations are that by express agreement with Lena she was to take and hold the title to an undivided one-half of the real estate for the plaintiff, and that it was for this express purpose the deeds were executed. This trust, being thus express and not in writing, is void and unenforceable under the provisions of section 1 of the chapter relating to trusts and powers, the same being section 7875, General Statutes of 1901. (*Knaggs v. Mastin*, 9 Kan. 532; *Ingham v. Burnell*, 31 id. 333, 2 Pac. 804; *Gee v. Thrailkill*, 45 id. 173, 25 Pac. 588.)

As the petition showed that the bar of the statute of limitations had run upon the first cause of action, and as no cause of action was stated in the second count thereof, the court was correct in sustaining the objection to the introduction of evidence. The judgment is therefore affirmed.

All the Justices concurring.