## In re NICHOLS.

(District Court, N. D. New York. January 18, 1909.)

1. BANKS AND BANKING (§ 80*) — PUBLIC FUNDS — DEPOSIT — INSOLVENCY — PREFERENCE.

Where a town supervisor deposited town funds with a private banker without any agreement that he should hold and keep the money separate from his other funds or that he should not use them in the usual course of his banking business, the relation was that of debtor and creditor only, so that on the insolvency of the banker the supervisor had no lien or preference over other creditors.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 189, 191; Dec. Dig. § 80.*]

2. BANKRUPTCY (§ 228*)—REFEREE'S ORDER—APPLICATION FOR REVIEW—TIME.

There being no rule in the Northern district of New York fixing the time within which an application to review an order of a referee in bankruptcy may be made, it should be made within a reasonable time, to wit, the time fixed for an appeal from the same class of orders.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

3. BANKRUPTCY (§ 342½*) — REFEREE'S ORDER — APPLICATION TO REVIEW — LACHES.

Where creditors were informed of the pendency of a creditor's right to preference and made no objection to its allowance for more than eight months after the filing of the order of which their attorney had notice, they were barred by laches from obtaining such petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. BANKRUPTCY (§ 225*)—REFEREES—CONTEST—NOTICE OF DECISIONS.**
Where there is an appearance in a contest before referees in bankruptcy, the litigating parties should be notified of the referee's decisions.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 225.*]

**5. BANKRUPTCY (§ 342½*)—TRUSTEES—PAYMENT OF FUNDS.**
Trustees in bankruptcy should not execute orders of referees on contested claims for the payment of money until opportunity for appeal or review had been given.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

**6. BANKRUPTCY (§ 225*)—REFEREES—HEARING—NOTICE.**
Where creditors do not appear, or where they appear and their appearance is not noted, no duty rests on the referee to give notice of his decisions, especially where claims are presented and no objection is made.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 225.*]

In Bankruptcy. This is a petition to review the order of referee Benjamin Baker denying a motion made before the referee to vacate and set aside an order made by him allowing the claim of Clayton L. Wheeler, as supervisor of the town of Hancock, Delaware county, N. Y., and directing payment thereof from the assets of the bankrupt estate as. a claim entitled to priority of payment.

C. L. Andrus, for Town of Hancock.
Russell Wiggins, for petitioning creditor.

RAY, District Judge. In dismissing the petition for a review of the order of the referee refusing to vacate his order allowing the claim of the supervisor of the town of Hancock as a claim entitled to priority of payment and directing the payment thereof as a claim entitled to priority of payment from the property of the bankrupt, this court must not be understood as in any way acquiescing in or affirming the order and holding of the referee allowing such claim and directing its payment.

It is perfectly clear that the order of the referee allowing the claim and directing its payment as a claim entitled to priority of payment was erroneous. Clayton L. Wheeler was supervisor of the town of Hancock, one of the towns of the county of Delaware, state of New York, and as such he had possession of certain of the funds of said town. William H. Nichols, the bankrupt, conducted a private banking business at Hancock, in said town, and on the 8th day of January, 1904, said Wheeler opened an account with said Nichols as follows: "W. H. Nichols, Banker, in Account with Clayton L. Wheeler, Supervisor." Nichols, in addition to his own books, delivered to said Wheeler a deposit book headed as above stated. The one page was headed "Debtor—Deposits," and the opposite page "Credit—Checks." Wheeler deposited the funds of the town from time to time during the years 1904, 1905, 1906, and up to March 22, 1907, as appears from such book in evidence. Wheeler drew his checks against this from time to time, and it appears from the book that at times he made an overdraft, and that at other times there was a large amount to his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

credit. There was no agreement that Nichols should hold and keep these moneys separate and distinct from his other funds, or that he should not use them in the usual course of his banking business. The relation of the parties was that of debtor and creditor. Nichols, of course, knew that he was receiving the funds of the town, as he knew that Wheeler was the supervisor thereof, and that the funds deposited by Wheeler as supervisor were held by him in that capacity, and for the town and the school districts, etc. This, however, gave Wheeler no lien of claim upon the funds or moneys of Nichols. So far as capable of identification Wheeler could have held the funds as against the other creditors of the bankrupt, but no further. On the 4th day of May, 1906, Wheeler took from Nichols 57 bonds of the par value of $100 each, with coupons attached due December 1st each year, which bonds are described in the receipt given by Wheeler to Nichols therefor. This receipt shows the relation of the parties to an extent, and the bonds were taken by Wheeler as security for the deposit made by him with Nichols. The receipt is as follows:

"Hancock, N. Y., May 4th, 1906.

"Received from W. H. Nichols, banker, to hold as surety in trust for the deposits of the town of Hancock, N. Y., public funds, the following Hancock High School bonds, district No. 20: Bonds Nos. 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 44, 45, 54, 55, 56, 57, 58, 59, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110. These bonds are to be returned to W. H. Nichols, banker, as fast as the funds are checked out and paid. The above bonds are $100.00 each in denomination, with coupons due Dec. 1st in each year.                Clayton L. Wheeler,

"Supervisor Town of Hancock."

At the time Nichols went into bankruptcy the balance of the credit to Wheeler as supervisor was $4,649. At that time Wheeler held 20 of the bonds, having, it is presumed, returned the others. After applying the bonds and accrued interest held by Wheeler in payment of the amount due from Nichols, there was due Wheeler as supervisor $2,621.24.

At the first meeting of the creditors at which it seems Bonnefond, the creditor who instituted these proceedings, was present, Wheeler presented his claim and claimed a right of priority in payment. Others presented claims and claimed a preference. It does not appear that any creditor objected to the allowance of Wheeler's claim as one entitled to priority of payment. It does not appear that Bonnefond was represented by counsel at the time. The referee took under advisement the claims in question, including that of Wheeler, and the question whether or not Wheeler was entitled to priority of payment. The meeting of creditors was adjourned from time to time, and a meeting was held June 14, 1907. It does not appear that this meeting and the hearing had at that time were in any way irregular, or that the creditors did not have due notice of the meeting. At that meeting C. L. Andrus appeared for Mr. Wheeler, and it would seem that a Mr. Welsh appeared for creditors or the trustee, inasmuch as he cross-examined one of the witnesses. At that meeting both Nichols and Wheeler were examined, and their evidence was reduced to writing and is before the court. At that meeting Wheeler testified that previous

to the 1st of April, 1907, he returned to Nichols all of the bonds except the 20 then held by him, and that the reason was he had checked out all the funds deposited by him except about $2,000.

The referee took the matter under advisement, and subsequently wrote an opinion which was filed in his own office July 7, 1907, and on the same day the referee made an order allowing the claim and directing its payment. The order recites that it was made after "having heard C. L. Andrus of counsel for said claimant, and no opposition appearing thereto." As no one had filed objections to the claim or to its allowance as one entitled to priority of payment, there was no one entitled to service of the order. The referee states in his memorandum filed July 31, 1908, denying the motion for a review of the order allowing the claim, that Wiggins was employed for Bonnefond in the latter part of the. month of August, 1907, and attended several meetings of creditors thereafter. The referee also states that on the 11th day of September, 1907, at Hancock, N. Y., Wiggins was informed of the order of July 7, 1907, and that March 7, 1908, at the request of Wiggins, the referee mailed Wiggins a copy of said order allowing the claim. The referee also states that the order was made public in the town of Hancock, where Bonnefond resided, by a notice thereof published in the local newspapers August 15, 1907.

On the 12th day of July, 1907, the trustee in bankruptcy complied with the order and paid the money to Wheeler as supervisor. May 13, 1908, some 10 months after the money had been paid over pursuant to the order, Bonnefond filed a petition for a review of the said order of July 7, 1907, through Russell Wiggins, his attorney. Wiggins concedes that as early as March 7, 1908, he was informed of the order by receiving a copy thereof from the referee. At least 60 days elapsed after receiving a copy of the order before the petition for review was filed.

The town of Hancock objected to the granting of the review of the order allowing the claim, on the ground, principally, that the petition was not filed within a reasonable time. The matter was duly heard and considered by the referee, and he held that it appeared to his satisfaction that notice of the making of the order of July 7th was given to the creditors of the bankrupt promptly including the petitioner, and that Bonnefond and his attorney, Wiggins, had notice thereof not later than September 11, 1907, and that more than eight months having elapsed before the filing of the petition for review, and the order having been executed, the petition for review was not seasonably filed, and was not filed within a reasonable time after the making and entry of the order complained of, and that Bonnefond, the petitioning creditor, was guilty of laches and not entitled to a review of the order, and the application for a review was thereupon denied. That order was filed in the office of the referee July 31, 1908, and with the clerk of this court August 25, 1908.

August 28, 1908, Bonnefond, by his attorney, served notice of motion that upon the certificate of review of the referee dated August 11, 1908, and filed in this court August 25, 1908, and on all the evidence and papers in the case, a motion would be made September 15, 1908, before this court for an order reversing the referee's order of

July 31, 1908, and also the order of July 7, 1907, hereinbefore referred to.

Affidavits have been filed in support of and in opposition to the motion, and the supervisor and the town of Hancock move to dismiss this application for a review of the referee's orders, and for an order denying the review and affirming the last order of the referee upon the ground of laches.

There is no rule in the Northern district of New York fixing the time within which an application to review an order of the referee shall be made. It follows that such an application should be made within a reasonable time. Parties litigant should not sleep upon their rights. Here the creditors were informed of the pendency of Wheeler's claim, and they made no objection to its allowance as one entitled to priority of payment. I cannot on the evidence before me, and on the papers in the case, reverse the finding of the referee that Bonnefond was guilty of laches. Bonnefond's attorney was guilty of laches after receiving a copy of the order from the referee. The application for a review came too late. Brandenburg on Bankruptcy (3d Ed.) § 696; In re Chambers, Calder & Co. (D. C.) 6 Am. Bankr. Rep. 709; Bacon v. Roberts, 17 Am. Bankr. Rep. 421, 146 Fed. 729, 77 C. C. A. 155; In re Grant (D. C.) 16 Am. Bankr. Rep. 256, 143 Fed. 661; In re Holmes, 15 Am. Bankr. Rep. 689, 142 Fed. 391, 73 C. C. A. 491.

I am inclined to the opinion that petitions for review, which are in their nature appeals from the order, should be filed within the time fixed for an appeal from the same class of orders, and that this should be regarded as a reasonable time. This is indicated in the last case cited. Where there is an appearance and a contest, referees should always see to it that the litigating parties are notified of his decisions. In such cases trustees should not execute orders for the payment of money until opportunity for appeal or review has been given. Application can be made to the referee or to the court for a stay of proceedings. Where creditors do not appear, or where they appear and their appearance is not noted, no such duty rests upon the referee. This is especially true where claims are presented and no objection is made thereto.

In this case Bonnefond allowed more than six months to elapse after notice of the order before he took action, and the application for review must be, and is, denied, and the proceeding for review is dismissed.