WILLIAM R. COMPTON COMPANY, A CORPORATION, AND WORTH COUNTY DRAINAGE DISTRICT, NO. 1, A CORPORATION, APPELLANTS, v. FARMERS TRUST COMPANY OF GRANT CITY, MO., A CORPORATION, A. R. TODD, SPECIAL DEPUTY IN CHARGE, RESPONDENT.

Kansas City Court of Appeals. December 7, 1925.

1.—Banks and Banking—Fund of Drainage District Deposited With Bank Which Knew Fund Was Property of District and to Be Used by It For Paying Certain Indebtedness, Without Other Agreement, Held Not Trust Fund.

Money deposited by treasurer of drainage district with Bank which knew funds were property of district to be used for purpose of paying certain bonds and interest, but with no understanding bank was custodian of funds for said purpose, or that bank would apply funds according to wishes of directors of district, **held** not a trust fund and beneficial owner upon closing of bank was not entitled to preferred claim therefor.

**2.—Same—Deposits by Persons Serving in Fiduciary Capacities Considered as General Deposits, and Beneficiaries on Failure of Bank Have no Greater Rights Than General Creditors.** Deposits made by trustees and other persons serving in fiduciary capacities are usually considered simply as general deposits, and if bank fails to pay them the beneficiaries have no particular claims or rights over other creditors but share same as general creditors.

**3.—Same—Public Funds Deposited in Bank Have no Priority as to Preference Over Funds Deposited by Private Trustee.** In absence of statute, public funds deposited in bank by public official charged with their custody have no priority as to preference over funds of private individual deposited by another person to whose care such funds have been entrusted.

**4.—Trusts—Trust Ex Maleficio Defined.** A trust ex maleficio arises on account of fraud or misconduct of trustee in taking title, or by virtue of some illegal act upon his part, or whenever a person acquires the legal title to property of another by means of an intentional, false or fraudulent verbal promise to hold the same for a certain purpose, and having thus obtained the title, retains property as his own.

**5.—Same—Public Funds Received by Bank in Violation of Statute and Knowledge That Same Were to Be Deposited in Other Banks Held Impressed With Trust Ex Maleficio.** Where funds of drainage district were deposited by its treasurer in bank in violation of section 4401, Revised Statutes 1919, requiring funds to be deposited in banks designated by board of supervisors, which were accepted by bank charged with knowledge of statute and knowing that funds were to be deposited in other banks, **held** funds were impressed with a trust ex maleficio.

**6.—Same—Relation of Debtor Not Created Between Depositor and Bank Where Public Funds Were Received by Bank with Knowledge That Funds Were Wrongfully Deposited and Such Funds May be Recovered as Against General Creditors of Bank.** Where public funds were received by bank with knowledge that deposit was made by treasurer in violation of directions of board of supervisors of drainage district and in violation of section 4401, Revised Statutes 1919, **held** the relationship of debtor was not created between depositor and bank, but funds were impressed with a trust ex maleficio in favor of beneficial owner and may be recovered from bank or its receiver as against general creditors.

**7.—Same—Where no Showing That There Was Any Money Against Which Trust Ex Maleficio Could be Impressed at Time of Failure of Bank, Beneficial Owner Could Not Recover Funds as Preference Against General Creditors.** Where there was no showing at time bank closed its doors that there was any money against which trust ex maleficio could be impressed, the beneficial owner could not recover them as preference against general creditors of bank.

---

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 633, n. 15; p. 634, n. 19, 20 New; p. 749, n. 57, 58; p. 751, n. 78; p. 752, n. 82, 84; Trusts, 39Cyc, p. 17, n. 1; p. 169, n. 16; p. 170, n. 18.

Appeal from the Circuit Court of Worth County.—Hon. John M. Dawson, Judge.

Affirmed.

*Ed Kelso, Roscoe P. Conkling* and *Charles H. Mayer* for appellants.

*DuBois & Miller* for respondent.

ARNOLD, J.—This is an action by plaintiffs to have allowed as a preferred claim certain funds deposited in defendant bank, the Farmers Trust Company of Grant City, Mo. The cause was tried to the court upon an agreed statement of facts, the substance of which is as follows:

The Worth County Drainage District No. 1, a *quasi*-public corporation, issued bonds in the sum of $132,000, which were sold to plaintiff, the William R. Compton Company. In August, 1923, said drainage district levied a tax against the lands of said district to pay five of said bonds of $1,000 each and also the interest thereon in the sum of $1630, due May 1, 1924. The said tax was regularly collected by the collector of revenue of Worth county, and on the 1st day of March, 1924, was delivered to W. C. Okey, the treasurer of the drainage district, and the sum of $6630 was deposited in the Farmers Trust Company of Grant City, Mo., in the name and to the credit of W. C. Okey, Treasurer.

When so deposited, it was accepted by the defendant Trust Company with the knowledge and understanding that the funds were the property of said drainage district and were to be used for the sole and only purpose of discharging the indebtedness of said district in the sum of $5,000 bonds, and interest in the sum of $1630; and with the understanding and knowledge that said Trust Company received said deposit and held the same for the benefit of said drainage district, with which to meet its said obligations. The said deposit was so entered upon the books of said Trust Company in the name of W. C. Okey, Treasurer, and so remained until debited by the issuing of a cashier's check against the same by the Trust Company.

It was agreed that said Worth County Drainage District No. 1 was and is, a public corporation under the laws of the State of Missouri, and that said funds belonging to said district were at all times, public funds, and so known to defendant Trust Company and so received and held by it.

It was further agreed that W. C. Okey was the duly elected and acting treasurer of said district and, as such, had the right to receive said funds from the collector of revenue on March 1, 1924; that in

January, 1924, the board of supervisors of said drainage district, at a regular session thereof, made an order directing the treasurer to deposit the funds received by him as aforesaid, as follows: $2,000 thereof, in the Citizens Bank of Grant City, Mo.; $2,000 in the Peoples State Bank of Grant City, Mo., and the remainder of $2630 in the Farmers Trust Company; that by reason of said order, $4,000 of the funds were illegally deposited in the Farmers Trust Company, without authority and against the orders of said board of supervisors; and that said facts were known to said Farmers Trust Company and its authorized agents.

It is further agreed that on April 28, 1924, the said treasurer of said drainage district drew a check, in his official capacity, against the funds of the district in said Trust Company, in the sum of $6630, and for which the Trust Company, without the knowledge or consent of the drainage district, issued to William R. Compton Company its cashier's check in said amount, in payment of the bonds and interest above mentioned; and said cashier's check was forwarded by the treasurer of said district to the William R. Compton Company.

On April 29, 1924, the said Trust Company, by order of its directors, closed its doors, and the said cashier's check was never paid.

On the day the defendant Trust Company closed its doors, its affairs were placed in the hands of A. R. Todd, special deputy commissioner of the Finance Department of the State of Missouri, who is made a party defendant herein. Plaintiff contends that $4,000 of the funds of the drainage district were illegally deposited in the defendant Trust Company, with the knowledge and consent of the officers of said Trust Company. This charge is based upon the fact, shown by the agreed statement of facts, that the Board of Directors of the Drainage District had instructed their treasurer to deposit only $2630 of the funds with the Trust Company, and $2,000 in each of the two other banks; that this order was known to defendant Trust Company and therefore that the said sum of $4,000 was illegally received by said defendant.

It is urged that the entire deposit of $6630 was placed with the Trust Company for a certain definite and specific purpose and time, to-wit, to pay certain bonds and interest which matured May 1, 1924, and for no other purpose; that knowing and understanding all of the above, the Trust Company received and accepted said deposit and held the same for the sole purpose of discharging said obligations; that these facts impressed the entire fund so deposited and received with the character of a trust, and that plaintiffs are entitled to have their claim for the entire deposit declared to have a preference.

On the other hand, defendants claim there is nothing in the agreed statement of facts showing any money on hands at the time of the failure of the Trust Company upon which a trust can be impressed;

that neither is there any showing as to how many other claims may be presented against the defunct Trust Company, exhausting any possible funds on hands, if any; that under these conditions, no fund can be impressed with a trust and no claim can be declared preferred unless it be shown that an amount in cash equal to the claim sought to be declared preferred remained continuously in the hands of the Trust Company until its suspension and then passed into the hands of the Commissioner of Finance. It is argued by defendant that however the funds may have been deposited, no trust was created; that W. C. Okey, the treasurer, rightfully obtained therefor a cashier's check which he accepted and forwarded in payment of the indebtedness of the district; that whatever relation may have existed up to the time of obtaining the cashier's check, it then became only that of debtor and creditor. In other words plaintiffs contend and defendant denies that a trust was created, under the facts presented by the agreed statement.

"A trust is an obligation imposed either expressly or by implication of law whereby the obligor is bound to deal with property over which he has control for the benefit of certain persons of whom he may himself be one, and any one of whom may enforce the obligation." [3 Bouvier's Law Dict., 3328, quoting W. G. Hart, 15 L. Q. R. 294.]

"Technically, an obligation arising out of a confidence reposed in a person, to whom the legal title to property is conveyed, that he will faithfully apply the property according to the wishes of the creator of the trust." [Anderson's Dict. of Law, p. 1056; Beers v. Lyon, 21 Conn. 613-14.]

It will be seen that the situation presented by the agreed statement of facts herein fails of the essential element that the deposit was placed with the Trust Company with the confidence that said company would apply the fund according to the wishes of the directors of the drainage district.

It is stated in 7 Corpus Juris 633, that with regard to the effect of a deposit of a trust fund, the authorities are not in entire accord. The prevailing view is that deposits made by trustees, executors, administrators, assignees, agents, public officers and other persons who are serving in fiduciary capacities, are usually considered simply as general deposits, and if the bank fails to pay them the beneficiaries have no particular claims or rights over other creditors, but share the same as other creditors. This rule seems to be established in this jurisdiction. [Powell v. Morrison, 35 Mo. 244; Sparrow v. Bank, 103 Mo. App. 338, 77 S. W. 168; Rhinehart v. Banking Co., 99 Mo. App. 381, 73 S. W. 315; Eyerman v. Bank, 13 Mo. App. 289.]

On the other hand it has been held that the receipt of a trust fund by a bank, with knowledge of its trust character, impressed the assets of the bank which were increased to that extent, with a trust

for the payment of such fund. [Paul v. Draper, 73 Mo. App. 566.] The facts of the case last cited show the deposit consisted of a pension check payable to some minor children; that the same was deposited in the bank to the credit of their guardian and curator, as such; that the bank paid out part of said funds upon checks signed by the guardian as such, and part was paid on checks signed by the guardian individually. A majority of the court held that the amounts paid out by the bank on the guardian's individual check should be held to be a preferred claim. But there was a divided court, one of the judges dissenting in a separate opinion. The weight of authority, however, is to, the effect that a deposit made under facts as presented in this case is not impressed with the character of a trust, and funds so deposited are not entitled to preference.

Another point presented by the agreed statement of facts is that while the Trust Company knew the intention of the drainage district was to pay the bonds and interest shortly to become due, there are no facts to show that the funds were accepted with the understanding that the Trust Company became the custodian of the funds for that purpose alone, and thereby the transaction lacks one of the necessary elements of a trust. It has been held and is the rule that, in the absence of a statute to the contrary, public funds deposited in a bank by a public official charged with their custody have no priority as to preference over the funds of a private individual deposited by another person to whose care such funds have been entrusted. [3 R. C. L., 183; 7 C. J. 633; In re Nichols, 166 Fed. 603.]

Plaintiff further insists that where public funds are deposited in violation of law and the depository has knowledge of the facts, the title does not pass and a trust *ex maleficio* results which may be enforced, in case of insolvency, against the receiver or other custodian into whose hands such funds pass, and that the trial court erred in holding to the contrary.

This assignment is predicated upon the fact, as shown by the agreed statement of facts, that by order of the board of directors of the drainage district, its treasurer, Okey, was directed to deposit $2630 in defendant Trust Company and $2,000 in each of two other banks; that defendant Trust Company knew of this order when said treasurer, in violation of orders, placed all the funds in defendant Trust Company, and that insofar as the $4,000 is concerned a trust *ex maleficio* was impressed against that part of the deposit.

A trust *ex maleficio* arises on account of fraud or misconduct of the trustee in taking title, or by virtue of some illegal act upon his part. [Rogers v. Richards, 67 Kans. 706, 74 Pac. 255, 256.] It has also been held that a trust *ex maleficio* arises whenever a person acquires the legal title to property of another by means of an intentional false or fraudulent verbal promise to hold the same for a

certain purpose, and having thus obtained the title, retains and claims the property as his own. [Chalnick v. Arnold, 34 Utah, 48, 95 Pac. 527, 530; Powell v. Yearance, 67 Atl. (N. J.) 892, 896; 4 Words & Phrases, p. 1023.]

We think the point well taken. Section 4401, Revised Statutes 1919 (section 5533, Revised Statutes 1909); Amended Laws 1913, page 232, provides, among other things that "said treasurer shall keep all funds received by him from any source whatever deposited at all times in some bank, banks or trust company to be designated by the board of supervisors."

As shown by the agreed statement of facts, the board of supervisors of the district, in regular session, made an order, mandatory under the statute, directing the treasurer W. C. Okey to deposit the funds collected at that time in three banks, as follows: $2,000 in the Citizens Bank at Grant City, Mo.; $2,000 in the Peoples State Bank at Grant City, Mo., and the remainder of the amount collected, i. e., $2630, in the defendant Trust Company. It is agreed between the parties hereto that the entire fund of $6630 was deposited by the treasurer in the defendant Trust Company and that $4,000 of said sum was so deposited in direct violation of the order of the board of supervisors, and that these facts were known to said Trust Company and its authorized agents at the time such deposit was received. Under the statute above quoted, the treasurer was required to make the deposit in the "bank, banks or trust company" designated by the board of supervisors. It must be held, therefore, that the deposit of the said $4,000 in defendant Trust Company and the acceptance by it of the same, impressed the said $4,000 so deposited and received as a trust *ex maleficio,* being in violation of law.

Under the terms of the statute the defendant Trust Company could not lawfully receive the money, with knowledge that it was directed to be deposited in the other banks, and mingle the same with its own funds. The Trust Company had knowledge of the facts as to the funds and was charged with knowledge of the terms of the statute. [Bank v. School District, 94 Fed. 705; Brogan v. Kreipe, 227 Pac. 261.] A trust *ex maleficio* in favor of the owner is held to result where money belonging to him is deposited in the name of the wrongdoer (in this case the treasurer of the board of supervisors), the point being that the money was received by the bank without the permission or authority of the owner. [Supp. 1, R. C. L. 854, 855, sec. 182.] In such case the relationship of debtor is not created between the depositor and the bank, and for that reason the deposit remains the property of the depositor, or the beneficial owner, and may be recovered from the bank, or its receiver as against general creditors of the bank. [Board v. Bank, 121 S. E. 903-907, and cases therein cited.]

However, defendants insist that plaintiff should not recover because there is no showing in the agreed statement of facts  that, at the time the Trust Company closed its doors, there was any money against which a trust could be impressed.

We hold defendants' point in this respect well taken.  In Horigan Realty Company v. Bank, 273 S. W. 772, 776, this court held: "The general rule is that equity will follow a fund through any number of transactions and preserve it for its owner, so long as it can be identified, but if it cannot be identified, the funds cannot be recovered. [Tiernan's Exec. v. B. & L. Assn., 152 Mo. 135, 53 S. W. 1072; Phillip v. Overfield, 100 Mo. 466, 13 S. W. 705.]" Applying this rule to the facts of the case at bar, there seems to have been no showing in the agreed statement of facts, either that the fund sought to be impressed with a trust, or any funds whatever, were in the hands of defendant Trust Company at the time it passed into the control of the special deputy Commissioner of Finance.  This being true we can but hold that, in this respect, plaintiffs have failed to make a case, and so holding, the judgment must be affirmed.  It is so ordered.

*Bland, J.*, concurs; *Trimble, P. J.*, absent.