IN THE MATTER OF LIQUIDATION OF HUNTER'S BANK OF NEW MADRID,
    S. L. CANTLEY, COMMISSIONER, RESPONDENT, v. CITY OF NEW
    MADRID, APPELLANT.—30 S. W. (2d) 782.

Springfield Court of Appeals.   July 29, 1930.

*Sharp & Baynes* for appellant.

*Gallivan & Finch* for respondent.

BAILEY, J.—This is a proceeding instituted by the city of New Madrid to have a deposit of its funds allowed as a preferred claim against Hunter's Bank of New Madrid, which failed March 30, 1928. After the failure of the bank it was taken over, according to law, by the state commissioner of finance, who placed the bank in charge of William B. Finch, special deputy commissioner. In due time the city of New Madrid filed its preferred claim for the sum of $5152.82,

being the amount on deposit in the name of, "J. I. Peck, Treasurer, New Madrid, Missouri." The deputy commissioner allowed the claim as a common claim only and, thereupon, certified the case to the circuit court for that tribunal to determine the right of the city to a preference, as the law requires. On trial in the circuit court judgment was rendered denying the right to preference on the claim of the city of New Madrid. This appeal was from that judgment.

There is no controversy as to the facts. The city of New Madrid is a city of the fourth class. From 1915 to the date the bank failed, and since, James I. Peck was the duly elected, qualified and acting treasurer of said city. It is conceded that the city had not by ordinance, as provided by section 8461, Revised Statutes 1919, selected a city depository for its funds. In the year 1923, without making any record thereof, the city advertised for bids for its deposits, in response to which Hunter's Bank submitted a bid. The city council then passed a motion accepting this bid. No other action was ever taken, although the Hunter's Bank paid interest on the deposit for two years thereafter, but had refused to pay interest since that time. The Hunter's Bank did not qualify by giving security or bond for the deposit. It continued to receive deposits, after the submission and acceptance of its bid, in the name of "James I. Peck, Treasurer, City of New Madrid," just as it had before. The item claimed as a preference was thus on deposit when the bank failed. It was also shown that those in charge of the Hunter's Bank knew this deposit was of city funds. At the time the bank failed it had on hand a sum of money in excess of the claim made by the city of New Madrid.

It is contended by appellant that the court erred in holding that the Hunter's Bank was not a trustee of the funds of claimant in its hands. There is no difference of opinion between appellant and respondent as to the law. It is conceded that where public funds, as here, are wrongfully or illegally deposited in a banking institution whose officers or agents have knowledge of the public character of the funds, a trust is created, ex maleficio, and that where such deposit is made contrary to the statutes applicable to such cases, the bank is charged with knowledge of the illegality of such deposit. [Special Road District et al. v. Cantley, 8 S. W. (2d) 944.]

In that case the facts were, that the legal custodian of the funds of a special road district was, under the law, the county treasurer. A deposit of funds of such road district, not by the county treasurer, but by the road commissioners, was held to create a trust. In the case at bar it appears that conditions were just reversed. The city treasurer of a city of the fourth class is custodian of the funds of the city, according to the provisions of section 8493, Revised Statutes 1919, which reads as follows:

"The treasurer shall receive and safely keep all moneys, warrants, books, bonds and obligations entrusted to his care, and shall pay over all moneys, bonds and other obligations of the city on warrants or orders, duly drawn, passed or ordered by the board of aldermen and signed by the mayor and attested by the city clerk, and having the seal of the city affixed thereto, and not otherwise; and shall perform such other duties as may be required of him by ordinance. Before entering upon the duties of his office he shall give bond in such sum as may be required by ordinance."

It is true that the board of aldermen of such cities are empowered and authorized to select a depository for the funds of the city under such regulations as may be provided by ordinance. [Sec. 8461, R. S. 1919.] The duty to do so is not made mandatory. The city funds in this case were deposited by the city treasurer in his own name, as treasurer of the city. The motion passed by the aldermen of the city was not in accordance with the statute and therefore did not change the status of the fund. If the treasurer was the legal custodian of the fund we perceive no sound reason for holding any law was violated when he made the deposit as he did. Appellant lays much stress on the case of Huntsville Trust Co. v. Noel et al., 12 S. W. (2d) 751. In that case the question before the Supreme Court involved county funds. It was held that if a banking institution failed to qualify as a county depository by giving the security required by law, the deposit of county funds with it was unlawful and such deposit became a trust fund. But all county funds are required by law to be deposited in a county depository. The county treasurer is not the actual custodian of the funds as is the treasurer of a city of the fourth class. The deposit made by the treasurer in the case at bar was one which the law authorized him to make and until the board of aldermen by proper ordinance selected a depository, the treasurer was the only legal custodian of the fund. In the case of William R. Compton v. Trust Company, 279 S. W. 746, 220 Mo. App. 1081, the court uses this language, to-wit: "It has been held and is the rule that, in the absence of a statute to the contrary, public funds deposited in a bank by a public official charged with their custody have no priority as to preference over the funds of a private individual deposited by another person to whose care such funds have been intrusted." [l. c. 748.]

It is therefore our opinion that no trust was created under the facts in this case and that the trial court properly ruled appellant city was not entitled to a preference. The judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.