CITY OF AURORA, RESPONDENT, v. BANK OF AURORA ET AL, APPELLANTS.—52 S. W. (2d) 496.

Springfield Court of Appeals. August 22, 1932.

*Farrington & Curtis* and *Paul Barrett* for appellants.

*McNatt & McPherson* for respondent.

COX, P. J.—The Bank of Aurora failed and was placed in the hands of the State Finance Commissioner for liquidation. At the time of the failure of the bank, the City of Aurora had on deposit in said bank the sum of $2000 on time deposit and $575.33 subject to check. The city owed the bank nothing and sought to have these deposits declared to be a preference in its favor. When the matter reached the circuit court that court held for the city and rendered judgment in favor of the preference. The Finance Commissioner in charge of the liquidation of the bank appealed to this court.

Counsel on both sides agree as to the general proposition of law under which the question of preference is to be determined. That is, if the deposit was a lawful one, then no preference can be allowed and if it were unlawful, then the preference must be allowed. The fact that the money deposited was public money does not, in and of itself, entitle the city to a preference.

The facts are that the city attempted to select the Bank of Aurora as the depository of the funds of the city but the claim of the city now is that in the effort to select a depository the city did not comply with certain requirements of the statute and, for that reason, this bank was not the legal depository of the city and that made the deposit of city funds therein illegal and for that reason it is now entitled to a preference. The position of appellant is that the city substantially complied with the law and then used the bank as a depository and had directed that the funds involved in this case be deposited in that bank, hence the city cannot now be heard to complain that it had not complied with the law in all particulars in selecting the depository.

We do not deem it necessary for us to determine in this case the legality of the selection of the Bank of Aurora as depository for the funds of the city, for, in our judgment, the result must be the same whether the selection was legal or illegal. We think the statute controls in this case and as far as the result here is concerned, the question of whether the provisions of the statute were complied with in the attempt to select a depository is immaterial.

We have been cited to cases in which a county had been allowed a preference for the reason that the law providing for the selection of a depository for county funds had not been complied with and hence the selection of the bank there involved as a county depository was illegal and the deposit of county funds in said bank unlawful and because the deposit was unlawful the county was entitled to a preference. The holding in those cases is based on the fact that the statute requires the county court of a county to select a depository for the county funds and then provides how it shall be done, and if the statute is not followed, substantially at least, there is no legal depository. These cases hold, whether directly so stated or not, that the statute as applied to counties is mandatory and hence if its terms are not substantially complied with, no depository is selected.

The statute relative to county depositories, section 12184, Revised Statutes 1929, provides as follows: ''It shall be the duty of the county court of each county in this State at the May Term thereof of 1909 and every two years thereafter to receive proposals from banking corporations, associations or individual bankers in such county as may desire to be selected as the depositories of the funds of said county . . .'' Subsequent sections provide the necessary steps to be taken by the county court and the bidder which may be selected. The language of the statute is ''It shall be the duty of the county court'' to select a depository. That statute is mandatory and when the county has not substantially complied with its terms or makes unauthorized changes after the depository has been legally selected, deposits thereafter made are unlawful and a preference is allowable. [White, County Treasurer, v. Greenlee, State Commissioner of Finance, 49 S. W. (2d) 132.] The same rule applies and for the same reason to a township in counties operating under the township organization law. [Harrison Township in Vernon County et al. v. People's State Bank, 46 S. W. (2d) 165.] In cities of the third class, to which class the City of Aurora belongs, the statute reads differently. It there provides, section 6793, Revised Statutes 1929, that ''The city council shall have power at its regular meetings in July of each year . . .'' to select a city depository of the funds of the city. In the case of a county, it is made the duty of the county court to select a depository which means that the court must select one if satisfactory bids are received. In cities of the third class the city is merely given the power to select a depository but it is not required to do so as is the county under the provisions of the statute relating to counties. This court in In re Hunter's Bank v. New Madrid, 224 Mo. App. 550, 30 S. W. (2d) 782, held that a similar statute applying to cities of the fourth class is not mandatory and we adhere to that ruling in this case. Section 6797, Revised Statutes

1929, provides that "if for any reason no selection of a depository is made at the time fixed by this article, the city council may, at any subsequent meeting . . ." select a depository. The latter part of this section provides as follows: "The City Treasurer shall not be responsible for any loss of the city funds through the negligence, failure or wrongful act of such depository but nothing in this article shall release said treasurer from responsibility for the funds of the city at any time when for any reason there shall be no city depository or until a depository shall be selected and the funds deposited therein. . . ."

It will be seen that the statute relative to the selection of a depository by cities of the third class does not make it the duty of the city council to select a depository as is provided in the provision relating to counties. It merely provides that the city council shall have power to select a depository which can only mean that the city may select a depository or not as it may see fit. If one is selected and the treasurer shall deposit the city's money in that depository, the deposit is lawful and in that case it is conceded, and is clearly the law in this State, that no preference would be allowed in case of failure of the depository. The statute which we have set out also provides that if there be no depository, then the City Treasurer is responsible for the care of the funds of the city and that being true, he may deposit such funds in any bank he may choose and such deposit will be a lawful deposit and hence no preference can be allowed in that case. Our holding on the facts in this case is that the deposit of the city's money in the Bank of Aurora was lawful in any event. If the bank had been legally selected as the city depository, a question which we do not decide, the deposit was lawful because it was then the duty of the treasurer to deposit the funds of the city in that bank. If the bank had not been legally selected as the city depository, then the deposit was made by the treasurer of his own volition and that made the deposit lawful. In either event, the city was not entitled to a preference in this case.

The judgment will be reversed. *Bailey* and *Smith, JJ.*, concur.