HARRISON TOWNSHIP, VERNON COUNTY, JOHN HARTZFELD, W. R. HENSON and PERCY HEITZ, Members of Township Board, and C. V. COUCH, Clerk, and PERCY HEITZ, Township Trustee, Appellants, v. PEOPLES STATE BANK of Bronaugh, S. L. CANTLEY, Commissioner of Finance, and JERRY WILHITE, Special Deputy Commissioner in Charge of PEOPLES STATE BANK.—46 S. W. (2d) 165.

Court en Banc, February 23, 1932.

*Ewing, Ewing & Ewing* for appellants.

*Hallett & Hallett* for respondents.

WHITE, J.—The appellants brought this suit in the Circuit Court of Vernon County for the purpose of having declared preferential a deposit made in the Peoples State Bank of Bronaugh of $1611.74, belonging to the plaintiff Harrison Township, the bank at the time of the suit being in charge of defendant Cantley, Commissioner of Finance, and Deputy Commissioner Jerry Wilhite. The case was submitted on the agreed statement of facts which we condense as follows:

Vernon County had adopted the Township Organization law and Harrison Township was a duly organized and existing township in that county. John Hartzfeld, W. R. Henson and Percy Heitz were duly qualified, elected and acting members of the Board of Directors for said Township for the years 1929-1931; C. V. Crouch was duly elected, qualified and acting Township Clerk of Harrison Township for that period. Percy Heitz, trustee as aforesaid, being charged under Section 12188, Revised Statutes 1929, with the custody of the funds of the common school districts located in Harrison Township deposited with the defendant Peoples State Bank of Bronaugh money belonging to the common school districts numbers 81, 82, 83, 84, 86, 103, 116 and 126, located in Harrison Township. At the time the bank closed its doors the amount of the funds of said districts which stood to the credit of Heitz, trustee, was $1611.74.

The Peoples State Bank of Bronaugh was duly organized under the laws of the State, and at the time the suit was brought the Bank had voluntarily placed its assets in the hands of Cantley, Commissioner of Revenue, for administration and winding up of its affairs, under Section 5316, Revised Statutes 1929. Afterwards Cantley appointed Jerry Wilhite as special deputy commissioner and placed him in charge of the bank.

Before said bank was placed in the hands of said Finance Commissioner, the said Jerry Wilhite was Cashier of said bank and as

such cashier received the deposits in question, knowing such funds to be public moneys of plaintiffs.

At no time prior to the making of said deposit or any part thereof was the said bank ever selected by the said Township Board or by its Board of Directors as depositor for said funds and the said bank never at any time gave any bond as depositor for said funds in accordance with Article 9, Chapter 85, Revised Statutes 1929.

After the failure and within four months after the bank was placed in the hands of Cantley, the plaintiff filed regularly and properly with said Wilhite a claim for $1611.74, the amount of said deposit, more than six months having elapsed since the giving of notice and the presentation of claims to the said Deputy Commissioner.

The funds of the plaintiff on deposit in said bank were commingled with and are now a part of the assets of the said bank in the hands of Cantley and Wilhite, and at the date the bank was taken over by said Cantley there was in the bank $1700 in cash and sight exchange.

The assets of the Peoples Bank which passed into the hands of defendants Cantley and Wilhite consist of loans, personal and real estate of the value of $74,000, besides the $1700 above mentioned.

Under Article IX, Chapter 85, Revised Statutes 1929, it was the duty of the Township Board of Harrison Township to select a depository for the funds belonging to said Township and secure from the depository a bond faithfully to account for and pay the sums deposited. Heitz, in charge of the fund, had no right to make the deposit in his name as trustee, the bank not having been selected as depository, and when he did take charge of said fund he was charged with a trust to account for it.

When the Peoples State Bank received that fund from Heitz and placed it to his credit it was impressed with the same trust in the hands of the bank. The relation of debtor and creditor did not obtain between the bank and the depositor. The bank took the money, according to the stipulation, knowing the funds to be public moneys belonging to the plaintiffs. The funds being commingled with other assets of the bank had augmented those assets in that amount. [Huntsville Trust Co. v. Noel, 12 S. W. (2d) 751, l. c. 754; State ex rel. Gentry v. Page Bank, 322 Mo. 29, l. c. 36; Clearmont School District v. Jackson Bank, 37 S. W. (2d) 1006.]

Since this trust fund added that amount to the assets of the bank the general creditors are in the same position with the preference allowed as if the deposit had not been made. There is nothing to show that anyone deposited or otherwise gave credit to the bank on the strength of that particular asset.

Respondents cite a number of cases none of which we find to be in point against the conclusion reached in the cases cited above. It is argued that a constructive trust or a trust *ex maleficio* cannot arise

in the absence of fraud, and respondent cites cases turning upon the *intention* of the parties at the time of the transaction. It would not matter what the intentions of the parties were when these deposits were made with the bank; Heitz was a public official charged with certain duties. He could not depart from the letter of the law governing his action by any good intention to create a different relation between himself or his district and the bank than that which the law creates. A constructive trust arises where trust property is received by a party knowing it is impressed with a trust, and that is this case.

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff. All concur.