IN THE MATTER OF THE CAMERON TRUST COMPANY, etc., SCHOOL DISTRICT OF CAMERON; Appellant, v. CAMERON TRUST COMPANY ET AL.—51 S. W. (2d) 1025.

Division Two, July 7, 1932.

*Frank B. Klepper* and *Paul D. Kitt* for appellant.

1072

*John Muster* and *Culver, Phillip & Voorhees* for respondent.

1074

WESTHUES, C.—The appellant, School District of the City of Cameron, Clinton and DeKalb Counties, Missouri, seeks in this proceeding to have allowed in its favor a preferred claim in the sum of $19,238, against the assets of the Cameron Trust Company, a banking corporation, of Cameron, Missouri. The trial court denied appellant a preferred claim. From such judgment it appealed.

It is admitted in this case that appellant is a city school district, organized and operating as such under the laws of Missouri; that the Cameron Trust Company was for many years prior to January 31, 1931, a trust company engaged in the general banking business in Cameron, Missouri; that it ceased to do business on January 31, 1931, on account of insolvency and its assets were placed in the hands of the Commissioner of Finance for liquidation; that appellant school district had on deposit with the trust company on that date, in the name of the "Board of Education, R. S. Brown, Treasurer," the sum of $19,238; that the officers of the trust company knew that this money was the property of the school district; that the sum of $19,238 was commingled with the property of the trust company and the assets of the trust company were augmented to that extent, and so augmented passed into the hands of the Commissioner of Finance; and that the Commissioner of Finance took over property and money of the trust company amounting to about $400,000.

The theory upon which appellant claims a preference is that the trust company was not the legal depositary of the school district funds and therefore the deposit was illegal rendering the trust company a trustee *ex maleficio* of the funds for the benefit of appellant.

Respondent contends, first, that the trust company was the depositary of the funds of the school district; second, if the court should hold that the trust company was not legally designated as the depositary then there was no depositary of the funds and the treasurer had the right to deposit the money in any reputable bank he may have

chosen and under such circumstances appellant was not entitled to a preferred claim.

The evidence discloses that the school district had for many years deposited its money in the trust company; the evidence also discloses that in April, 1927, the school board advertised for bids, inviting banking institutions to bid for the funds of the school district. The Cameron Trust Company submitted a bid and in May, 1927, was designated the depositary of the funds. The evidence is somewhat meager on the question of whether the trust company filed a sufficient bond, but we will, for the purposes of this case, assume that it was legally qualified and designated as the depositary of the funds. In 1929 the school district did not advertise for bids as is required by Section 12184, Revised Statutes 1929 (Sec. 9582, R. S. 1919), but continued to deposit its funds with the trust company and receive the same rate of interest on daily balances as had been paid during the previous two years. In October, 1929, the trust company executed a bond signed by three sureties and deposited the bond with the treasurer of the school district. The record does not disclose that this bond was ever accepted or approved by the school board.

■■ Article IX of Chapter 85, Revised Statutes 1929, which governs the selection of depositaries of school funds by virtue of Section 9362, Revised Statutes 1929, requires school boards to select a depositary every two years. The provisions of the statute are mandatory and must be complied with in all respects. The contract entered into, by the school board, representing appellant in this case, and the trust company in April and May, 1927, expired at the end of the two-year period, and could not be extended or continued by common consent. A new contract was required to be entered into in accordance with the proceeding prescribed by Article IX of Chapter 85, supra.

Respondent cites us to the case of In re North Missouri Trust Company, 39 S. W. (2d) 415, an opinion by the St. Louis Court of Appeals wherein a preference was denied a bonding company which had taken an assignment of a claim from a school board. The trust company in that case, was designated the depositary of the school funds by the school board without advertising for competitive bidding as the statute requires. The court held that the statute was complied with in all other respects and that the contract was entered into in good faith and hence the school district should be estopped to deny the existence of a contractural relation empowering the trust company to serve as depositary of the funds. Whatever may be said of the ultimate result of that case we disapprove the holding that any legal contract can be entered into by a school board in the designation of a depositary for school funds unless the provisions of the statute are complied with with reference to advertising for bids. ■■ The ad-

vertising for bids is a prerequisite to the authority of the school board to designate any bank or trust company a depositary of the funds of the district. Such a contract made, without advertising for bids, is utterly void and all parties thereto are parties to an illegal contract and such a contract could not be entered into in good faith. [Harris v. Langford, 277 Mo. 527, 211 S. W. 19; State ex rel. v. Thompson (Mo. App.), 22 S. W. (2d) 196.] So, in this case the school district had no authority, whatever, by acquiescence, common consent or by an express contract, to continue the old contract beyond the period fixed by the statute. The giving of a bond in October, 1929, has no significance in this case. In the first place the trust company was not the legal depositary, secondly, the bond was not such as the statute required. The first contention of respondent that the trust company was the legal depositary is therefore without merit.

For fear we may not correctly state respondent's second position we will quote it in full. It reads:

"(2) Even though the Trust Company never was selected as the depositary of the school money by the board of education, nevertheless, *until a legal depositary was selected*, its treasurer had the legal right to deposit the funds in the Trust Company, the relation of debtor and creditor, and not the relation of trustee and *cestui que trust*, resulted and therefore no right to a preference exists."

█ The question presents itself: In what way or manner may a banking institution receive the funds of a school district so as to obtain title thereto and create the relation of debtor and creditor? Our answer is that the relation of debtor and creditor, in this respect, may be created in one way only: that is, by a compliance with the provisions of Article IX of Chapter 85, supra. [Huntsville Trust Co. v. Noel, 321 Mo. 749, 12 S. W. (2d) 751; Harrison Township v. People's State Bank, 329 Mo. 968, 46 S. W. (2d) 165, l. c. 166.] We must not lose sight of the fact, which is so often done, that the school funds or any other public funds are trust property in the hands of the officers. The Legislature in its wisdom has placed safeguards about these funds so as to protect them. █ Every one dealing with the officers and the funds are charged with knowledge of these statutory provisions. The title to the funds in this case was in the school district, the treasurer held them as trustee. He had no authority to transfer title to these funds in any way save and except as the law provides. [Clearmont School District v. Jackson Bank, 37 S. W. (2d) 1006.] The treasurer was the custodian of these funds but the law did not authorize him to designate a depositary. █ The argument is made that in case the school board does not select a depositary the treasurer is at a loss to know what to do with the funds, and, if the treasurer has not the right to deposit the funds

in some bank, where is he to keep them? By way of suggestion, only, and not as establishing a legal principle, we say the treasurer may deposit the funds in some bank vault as trust property. The Legislature has not provided for such a contingency. The reason it has not is probably that it has taken for granted that the officers will obey the law. If the treasurer of a school district under·such circumstances had the right to deposit the funds in a bank of his own choosing and the bank had the right to use these funds it would destroy and nullify the protection the Legislature has placed about these funds.

It is argued by respondent that the relation of trustee and *cestui que trust* created "by operation of law" as announced in Huntsville Trust Co. v. Noel, 321 Mo. 749, 12 S. W. (2d) 1. c. 754 (3, 4) is legal fiction and if this doctrine is extended to cases of this kind it will bring about an absurdity. Respondent says that because the school board ignores the law in not selecting a depositary but permits its money to be put in a bank by its treasurer and the bank fails a court of equity evolves the fiction that the bank is a trustee and places a premium upon neglect or dishonesty by ruling that the district that violates the law is entitled to a preference at the expense of innocent depositors, while a school district that obeys the law is not entitled to a preference. █ Respondent in making this argument has overlooked the fact that the bank in such a case when it received the deposits and used the funds of the school district knew the funds were trust property and also knew that it had no right whatever to appropriate the money or legally receive the title thereto. The bank as well as the officers of the school district was a party to the wrong. [Huntsville Trust Co. v. Noel, supra.] Under such circumstances the law does create the relation·of trustee and *cestui que trust*. [Harrison Township v. People's State Bank, 329 Mo. 968, 46 S. W. (2d) 165; State ex rel. v. Page Bank, 322 Mo. 29, 14 S. W. (2d) 1. c. 599 (1, 2) and cases cited.] The bank is a trustee *ex maleficio* of the funds. We are not overlooking the fact, as has so often been held by this court and other courts, that the contest in cases of this nature is between the *cestui que trust* and the general creditors. [Mann v. Bank of Greenfield, 329 Mo. 862, 46 S. W. (2d) 1. c. 875 (1, 2) and cases cited.] However, we have also pointed out that in the granting of a preference to a *cestui que trust*, in cases of this nature, a court of equity is simply restoring to the *cestui que trust*, in this case the school district, the property that rightfully belongs to it. The trustee *ex maleficio*, in this case the Cameron Trust Company, never obtained legal title to the funds of the school district and therefore the general creditors are not, as a matter of law, entitled thereto. [Horigan

Realty Co. v. Flynn, 253 S. W. 1. c. 405, (2); Pearson v. Haydel, 90 Mo. App. 1. c. 261.]

The judgment of the circuit court is reversed and the cause remanded with directions to enter judgment granting appellant, school district, a preferred claim in the amount prayed for against the assets of the Cameron Trust Company. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.