RALLS COUNTY, Appellant, v. THE COMMISSIONER OF FINANCE OF MISSOURI, in Charge of the Liquidation of the FARMERS AND MERCHANTS BANK of Center.—66 S. W. (2d) 115.

Division One, December 6, 1933.

*W. W. Crockett* and *Mahan, Mahan & Fuller* for appellant.

*Drake Watson* for respondent.

FRANK, P. J.—Action by Ralls County to establish a preferred claim against the Farmers and Merchants Bank of Center, Missouri. The Commissioner of Finance in charge of the liquidation of the bank allowed the claim in the sum of $24,500 as a common claim. The circuit court denied a preference and claimant appealed.

The cause was tried on the following agreed statement of facts:

"It is agreed that Farmers & Merchants Bank of Center, Missouri, prior to the 10th of August, 1931, was a banking corporation engaged in general banking business at Center, Missouri, and that on said 10th day of August, 1931, said bank was by order of its Board of Directors placed in the hands of the Commissioner of Finance of the State of Missouri for liquidation, and that said Commissioner of Finance took charge of said bank and all of its said assets and affairs, and that said Commissioner of Finance has had and now has in charge and possession all of the assets and business of said Farmers & Merchants Bank of Center, Missouri. It is agreed that the assets of said Farmers & Merchants Bank as taken over by said Commissioner of Finance are sufficient to meet all preferred claims.

"It is further agreed that within the time allowed by law for the presentation of claims against the Farmers & Merchants Bank of Center, Missouri, that Claimant, Ralls County, duly filed its claim against said bank for the sum of Twenty-four Thousand Five Hundred ($24,500) Dollars, and being the total amount of its deposit balance in said bank; and that said claim was by the Commissioner of Finance duly allowed in said amount of Twenty-four Thousand Five Hundred ($24,500) Dollars as a common claim in which claim Claimant asked for preference.

"It is agreed that Ralls County is not indebted to said Farmers & Merchants Bank in any sum, and that said Bank is not entitled to any credits or offset against said claim, and that the funds so deposited by the said Ralls County were commingled with the general assets of said bank.

"It is agreed that on or about the —— day of May, 1929, said Farmers & Merchants Bank was by the County Court of Ralls County duly selected and designated as the county depository for the County Funds of Ralls County, Missouri, for a period ending 65 days after the first Monday in May, 1931, and that said bank duly qualified as said depository and gave its statutory and legal bond as such depository, and that for said period beginning the —— day of May, 1929, and down to the 3rd day of July, 1931, said Farmers & Merchants Bank was a legally constituted depository for said Ralls County, Missouri.

"It is agreed that no funds or money that belonged to said Ralls County was on deposit in said Farmers & Merchants Bank of Center, Missouri, by said Ralls County on August 10, 1931, other than funds which had been deposited by said Ralls County in said Bank

on and prior to 29th day of May, 1931, the deposit made on said 29th day of May was $5,500. The last deposit prior thereto was $5,000 made on April 8, 1931.

"It is agreed that no demand was made by Ralls County upon said Farmers & Merchants Bank for the repayment of any of its funds on deposit subsequent to the first day of July, 1931, and prior to the date of closing of said bank that were not paid, and that no order of record was made by the County Court of Ralls County any time prior to the closing of said Bank for the repayment of its said funds so on deposit in said bank.

"It is agreed that on or about the first day of June, 1931, the said Farmers & Merchants Bank of Center was by the County Court of Ralls County designated and selected as a County Depository for one-third of the County funds of Ralls County, Missouri, for a term beginning June 1, 1931, and ending the first Monday in May, 1933, and 65 days thereafter upon condition that such bank give and file its statutory bond in the sum of Forty Thousand ($40,000) Dollars with the County Clerk of Ralls County, Missouri; that said Farmers & Merchants Bank of Center, Missouri, failed to file any bond as required by law and by order of the said County Court with the County Clerk.

"That all deposits made by said Ralls County in said bank were County funds that the Farmers & Merchants Bank, its officers, and agents at all times knew that when said deposits were so made that they were deposits of County funds and were made from the public funds of Ralls County. It is agreed that the Ralls County deposit balance in said Farmers & Merchants Bank of Center, Missouri, on August 10, 1931, was the sum of Twenty-four Thousand Five Hundred ($24,500) Dollars."

▮ The sole issue in the case is the character of the deposit. If the deposits made by the bank were lawful, general deposits, the title to the money deposited passed to the bank, and the relation of the county to the bank was that of a general creditor. On the other hand, if the deposits were unlawful, title to the money deposited did not pass to the bank, but the fund, in the hands of the bank, is a trust fund, and the county is entitled to a preference. A proper determination of these questions settles the case.

Article IX, Chapter 85, Revised Statutes 1929, makes it the mandatory duty of the county court to select depositaries in which the funds of the county shall be deposited, and provides in detail how such depositaries shall be selected and qualified. Section 12184 of said article makes it the duty of the county court of each county in the State, at the May Term thereof, in the year 1909, and every two years thereafter to advertise for bids and receive proposals from banking corporations, associations or individual bankers in such county as may desire to be selected as depositaries of the funds of said

county. Section 12185 provides procedure for bidders. Section 12186 relates to opening of bids, etc. Section 12187 provides the character and kind of bonds to be given by county depositaries. Section 12188 provides for the approval of bonds tendered by selected depositaries, and for the transfer of county funds to the selected and qualified depositaries.

A county has no lawful right to deposit county funds except in a county depositary. It is the settled law of this State that where county funds are deposited in a bank which has not been selected and qualified as a depositary of county funds in accordance with the provisions of Article IX, Chapter 85, Revised Statutes 1929, to which we have called attention, the title to the fund so deposited does not pass to the bank, but such fund, in the hands of the banks, is a trust fund, and in event of subsequent failure of the bank the county would be entitled to a preference. [Huntsville Trust Company v. Noel, 321 Mo. 749, 12 S. W. (2d) 751; White v. Greenlee, 330 Mo. 135, 49 S. W. (2d) 132; School District of Cameron v. Cameron Trust Company, 330 Mo. 1070, 51 S. W. (2d) 1025.] Many other cases to the same effect could be cited. The law is equally well settled that where county funds are deposited in a bank which has been lawfully selected and qualified as a county depositary, the deposit is lawful, the title to the funds so deposited passes to the bank, the status of debtor and creditor is created, and in event of subsequent failure of the bank, the relation of the county to the bank is that of a general creditor. This court en banc so held in Henry County v. Salmon, 201 Mo. 136, 100 S. W. 20, and there quoted approvingly from Board of County Commissioners of Redwood County v. Citizens' Bank of Redwood Falls, 67 Minn. 236, the following:

"The relation between the bank and the county is that of debtor and creditor, the same as between it and any other depositor. The money deposited does not remain the property of the county, but becomes the property of the bank, which it has a right to lend or use in any other way it sees fit. This right is implied from the fact, if from nothing else, that the bank is to pay interest on the money. When the bank pays out money on the check or draft of the county, it is using its own money and not that of the county; in other words, it is merely paying its debt with its own funds. It is never in default until payment is demanded by the county and refused."

In the recent case of Boone County v. Cantley, 330 Mo. 911, 51 S. W. (2d) 56, 58, Division One of this court said:

"The bank having been duly designated a county depositary, and having qualified as such in conformity with the requirements of the statute, appellant's deposits with it were general deposits. Consequently, appellant's present status with reference to the bank is merely that of a general creditor."

See also In re Cameron Trust Co., 330 Mo. 1070, 51 S. W. (2d) 1025, 1026, and cases therein cited to the same effect.

Turning now to the agreed statement of facts upon which the instant case was tried, we find it shows that the Farmers and Merchants Bank of Center, Missouri, was selected and qualified in accordance with the requirements of the statute as a lawful depositary for Ralls County for a period beginning on the —— day of May, 1929, and ending on July 3, 1931; that upon expiration of the bank's term as county depositary, it was selected as a depositary for another two year term upon condition that it give the required statutory bond in the sum of $40,000; that said bank failed to file any bond as required by law and the order of the county court.

The fact that the bank was selected as a depositary for a second term is of no significance in the case, for the reason that it failed to qualify by giving a bond. The bank's failure to give the required statutory bond rendered its selection nugatory. The case should and will be treated as though the county court had not selected the bank for a second term. [Boone County v. Cantley, Commissioner of Finance, 330 Mo. 911, 51 S. W. (2d) 56, 58.]

The agreed statement of facts also shows that all of the $24,500 for which the county is asking a preferred claim consists of deposits made by the county on and prior to May 29, 1931. The period of time for which the bank was lawfully selected and qualified as a county depositary did not end until July 3, 1931, as shown by the agreed statement of facts. It thus appears that all the funds in question were deposited in the bank by the county during the time the bank was a lawfully selected and qualified county depositary. This being true, the county had a lawful right to make such deposits, and for that reason the title to the money so deposited passed to the bank. [Boone County v. Cantley, Commissioner of Finance, 330 Mo. 911, 51 S. W. (2d) 56, 58; School District of Cameron v. Cameron Trust Co., 330 Mo. 1070, 51 S. W. (2d) 1025, 1026; Henry County v. Salmon, 201 Mo. 136, 100 S. W. 20.] The title to the money deposited having passed to the bank, the relation of debtor and creditor was created, and for that reason the county is not entitled to have its claim preferred.

The county contends that the holding of the funds by the bank after its term as county depositary expired, and its failure to give a bond on its selection for a second term, amounted in law to a redeposit of the funds after the expiration of its term as a legal depositary.

Huntsville Trust Company v. Noel, 321 Mo. 749, 12 S. W. (2d) 751, is cited in support of above contention. In that case, Division Number One of this court said:

"When the Trust Company was selected as a depository for another two-year term, in June, 1927, and the security it tendered

in that connection was accepted by the county court, the county funds then on deposit with it were in effect deposited anew.''

In the cited case the county did not, in fact, have any funds on deposit at the time the trust company was selected and qualified as a depositary for a second two year term. What it did have was an ordinary debt against the trust company, created by the deposits made during the first depositary term. The county might have collected its debt and deposited the proceeds thereof after the trust company was selected and qualified for a second depositary term. Of course, the final effect of giving the depositary bond for the second term was the same as though the debt created during the first term had been collected and the proceeds thereof deposited under the new bond, because, in either event, the new bond guaranteed the payment of the debt. While the final effect of either procedure would be the same, the rule as stated in the Huntsville case is calculated to mislead, just as it has done in the case at bar. The true rule is stated by this court in Henry County v. Salmon, 201 Mo. 136, 166, 100 S. W. 20, as follows:

''If a bank is designated as a depositary for two or more successive terms, while the time is, as respects liability of the securities on the different bonds, deemed divided into different terms, yet, as between the bank and the county, there is the uninterrupted relation of debtor and creditor during the whole time on one continuous account.''

If it should be conceded, as stated in the Huntsville case, that the selection and qualification of a bank as a county depositary, for a second term amounts, in effect to a redeposit of the county funds, then on deposit, such a rule would not aid the county in this case, for the reason that the bank in question was not selected and qualified as a depositary for a second term. It is true that the county court did select the bank as depositary for a second term on condition that it give a statutory bond in the sum of $40,000. That condition was not complied with. No bond of any kind was given. The bank's failure to comply with the condition upon which it was selected by giving the required bond, rendered its selection abortive. A bank does not become a depositary merely by being designated as such in an order of the county court. It must qualify as a depositary by giving the security required by statute.

The county does not dispute the fact that the relation of debtor and creditor between it and the bank was created by the deposits made during the time the bank was a legal depositary, but contends that the bank's holding of the funds after its term as depositary expired, and its refusal to qualify for another term as depositary amounted to a redeposit of the funds after the bank's term as legal depositary expired, and converted the funds so held into a trust fund. A complete answer to this contention is that when the county funds were deposited, the title to the funds deposited passed to the bank.

This being true, when the bank failed it was not holding funds that belonged to the county. It owed the county a debt. We know of no law holding that failure to pay an ordinary debt, or failure to qualify for a position, converts the ordinary debt into a trust fund. The statement of the contention answers itself.

The county cites the case of White v. Greenlee, 330 Mo. 135, 49 S. W. (2d) 132. In that case the Pike County Bank of Bowling Green, Missouri, was by the county court selected as a county depositary for a term of two years, and thereafter qualified as such by giving the required statutory bond. About one year thereafter the county court permitted the bank to withdraw the statutory bond theretofore given, and ordered that the sureties thereon be discharged, and accepted in lieu thereof an alleged "Depositary Bond" which did not comply with the statute in any respect whatsoever. Thereafter the bank failed. At the time of the failure the county had on deposit the sum of $7,892.71. Of said amount, $5420.09 was deposited before the statutory bond was withdrawn, and the remaining $2472.62 was deposited thereafter. The county asked that its entire deposit of $7892.71 be allowed as a preferred claim. The circuit court denied a preference. On appeal to this court the judgment below was reversed and cause remanded with directions to give a preference to the entire claim as prayed. Personally, I question the soundness of the opinion in the case cited. The $5420.09 was deposited before the statutory bond was withdrawn. The opinion concedes the bank was a legal depositary at the time this deposit was made. This being true, the title to the $5420.09 deposited passed to the bank and the relation of debtor and creditor was thereby created. It is difficult to understand how the county court could by order thereafter made, destroy the liability that had already accrued on the statutory bond, or effect the relation of debtor and creditor which had been theretofore established by the deposit of the $5420.09 in a lawful depositary. But regardless of the soundness or unsoundness of the cited case, it is not in point here because of the radical difference in the facts of the two cases. In the cited case, the county court attempted, during the depositary term, to surrender the statutory depositary bond and accept in lieu thereof securities not authorized by statute. No such issue is presented in the case at bar.

The county cites the case of School District of Cameron v. Cameron Trust Co., 330 Mo. 1070, 51 S. W. (2d) 1025, and contends that the facts in that show that some of the funds for which the district asked a preference were deposited at a time when the trust company was a legal depositary, yet, the court preferred the entire claim. The case does not support the contention made.

Many other cases are cited by appellant. They announce the general doctrine that county funds deposited in a bank which is not a

legal depositary should be preferred. They correctly state the law, but are not in point here.

The court below denied a preference. Its judgment should be affirmed. It is so ordered. All concur except *Hays, J.*, not sitting.