SHANNON COUNTY EX REL. WINONA CONSOLIDATED SCHOOL DISTRICT, APPELLANT, v. SHANNON COUNTY BANK, A CORPORATION ET AL., RESPONDENTS.—86 S. W. (2d) 1070.

Springfield Court of Appeals. October 7, 1935.

*Barton & Moberly* for appellant.

896

*Hiett, Covert & Lay, W. P. Elmer* and *W. D. Roberts* for respond-ents.

BAILEY, J.—This is a suit on an official bond against the prin-cipal therein, the Shannon County Bank, and the sureties thereon, to recover the amount due on a certain check against the bank. The cause originated in the Circuit Court of Shannon County, but was transferred to the Circuit Court of Texas County on change of venue. An amended petition was filed in that court to which defendants filed a general demurrer, which was sustained. From the order sus-taining the demurrer plaintiff has appealed.

The amended petition, among other things, alleged that the Winona Consolidated School District is a consolidated school district of Shan-

non County and the real party in interest; that the Shannon County Bank is a Missouri corporation, doing its banking business at Eminence, Missouri, the county seat of Shannon County; that on the 5th day of May, 1931, pursuant to notices duly made and published and bids duly received, the County Court of said county selected the Shannon County Bank as the depository of the county funds of said county for the two years next ensuing from said date; that defendant bank and its sureties executed a bond in the penal sum of $80,000; that "the conditions of said bond were that said bank should faithfully perform all the duties and obligations devolving by law upon it as such depositary and would pay upon presentation all checks drawn upon it as such depositary by the proper officer or officers, of said county or any township thereof, whenever any funds should be in said depositary and that all said funds should be faithfully kept and accounted for according to law, all of which will more fully appear by the terms of said contract, a certified copy of which is filed herewith, marked Exhibit 'A' and made a part of this petition; that said bond was duly accepted and approved by the said county court on said date.

"Plaintiff further states that the defendants and each of them have breached the terms and conditions of said contract and bond and that the said Shannon County Bank has failed to faithfully perform and fulfill the duties and obligations devolved upon it by law as such depositary, and on or about the 5th day of March, 1933, and while said bond was in full force and effect, announced publicly and to the world, and to this plaintiff, that it would not pay and it has not since paid and still refuses to pay any checks drawn on it as such depositary or otherwise against deposits made prior to said date even though sufficient funds were in the hands of defendant bank at the time out of which said payments could have been and should have been made; that plaintiff presented no check for payment of the sum herein sued for prior to the 9th day of April, 1934, because of the notice given by said defendant bank as aforesaid, and said defendant did not faithfully keep or account for said funds according to law, but that on the contrary from the 4th day of February, 1933, until the present date, and while the defendant bank was said duly appointed depositary, and while said bond was in full force and effect, R. E. Searcy was the duly elected qualified and acting County Treasurer of Shannon County, Missouri, and as such the proper person and officer to receive remittances for all sums and items of money hereinafter mentioned and deposit same in said depositary, and draw checks on the same and the said R. E. Searcy as such treasurer aforesaid, did deposit in said bank as such depositary on or about the 4th day of February, 1933, certain sums of money included in which was the sum of $450, allotted to and to

be remitted to the plaintiff school district; and on or about the 6th day of February, 1933, said treasurer as aforesaid deposited in defendant bank as aforesaid a certain sum of money of which $866.66 was allotted to and was to be remitted to plaintiff school district; and that on or about the 11th day of February, 1933, said treasurer as aforesaid deposited in said bank as aforesaid a certain sum of money of which the sum of $409.44 was allotted to and was to be remitted to plaintiff school district, making a total of $1726.10, deposited by the said R. E. Searcy as county treasurer aforesaid in said defendant bank as said county depositary, for the use and benefit of plaintiff school district, and to which said sum plaintiff became on said date and ever since said date has been entitled to have paid to it by said depositary, the defendant bank.

"That it thereupon became the duty of said defendant bank under the law and under the terms of the bond above mentioned to pay said sums of money over to plaintiff on proper demand therefor; that proper demand for such payment has been made upon the defendant bank, and each and every one of the other defendants herein, but that said defendants have failed, neglected and refused to make such payment.

"Plaintiff further states that under the provisions of Section 12192 of the Revised Statutes of 1929, it is entitled to receive of defendants the sum of ten per cent of the said amount due plaintiff in addition thereto on account of the failure of the defendant to arrange to and pay all checks drawn upon defendant bank as said depositary at the county seat of said county.

"Wherefore, plaintiff says that on account of the premises aforesaid the bond of the defendants and each of them has been breached and forfeited and that defendants are indebted to plaintiff in the sum of $1898.71, together with interest thereon at the rate of six per cent per annum from date of February 11, 1933, until date of judgment for all of which plaintiff prays judgment, together with his costs; and plaintiff prays that judgment against the defendants and each of them in the penal sum of eighty thousand dollars be by the court rendered and in favor of this plaintiff and that execution issue in favor of plaintiff and against the defendants on said judgment for the sum found due plaintiff including debt, interest, penalties and costs."

The sole question on this appeal is whether or not the petition states a cause of action. No authorities need be cited to sustain the proposition that all facts well pleaded in the petition are to be accepted as true on demurrer. The petition in this case alleges that the bond upon which the suit is based was for a term of two years commencing on the 5th day of May, 1931. Therefore the sureties on the bond would not be liable for any default that might have oc-

curred after May 5, 1933. [In re Cameron Trust Co., 51 S. W. (2d) 1025, 1. c. 1026, 330 Mo. 1070.]

Plaintiff does not question that proposition but insists that the rule does not apply in this case for the reason, as alleged in the petition, that on the 5th day of March, 1933, while said bond was in full force and effect, defendant bank announced publicly that it would not pay any checks drawn on it as such depository and that it has not paid and still refuses to pay any checks; that as a result of such announcement on the part of the bank, the drawing of a check would have been an idle ceremony such as the law does not require; that therefore defendants are liable on the bond the same as they would have been if a check had been drawn and presented prior to the expiration of the bond.

Defendants counter this theory with the statement that this court will take judicial knowledge of the fact that on March 6, 1933, the President of the United States issued a proclamation closing all banks in the United States until March 9, 1933; that on March 9, 1933, the President issued his proclamation extending the provisions of his proclamation of March 6th until further proclamation by the chief executive; that on March 10, 1933, the President issued his executive order returning to the control of the Finance Commissioner of the State of Missouri, all the banks not in the Federal Reserve Banking System. It is also contended that the court will take judicial knowledge of the fact that the Governor of the State of Missouri, closed all the banks in the State of Missouri, by executive order, on March 4th and 6th, 1933, which days were declared to be "bank holidays." It is therefore reasoned that it appears from the face of the petition that if the Shannon County Bank gave the notice alleged, it was on account of the aforesaid orders and proclamations of the President of the United States and the Governor of the State of Missouri. The rule invoked by defendants has been stated as follows:

"Courts take judicial cognizance of proclamations and orders issued by the chief executive. Thus courts take judicial notice of the proclamation of the President of the existence of a state of war between the United States and a foreign country; of the proclamations of the President taking possession and assuming control of transportation systems for war purposes, and of the general orders of the director-general made for the transaction of the business of transportation under those proclamations. Also courts of the state take judicial notice of the proclamation of the Governor calling an extraordinary session of the legislature; declaring in force an act of the legislature containing an emergency clause; constituting certain days legal holidays; declaring the result of an election; or establishing a cattle quarantine." [23 C. J. 101.]

This principle is recognized in a number of Missouri decisions. [Hiatt v. R. R. Co., 69 S. W. (2d) 627, l. c. 630, 334 Mo. 895; Hite v. Ry. Co., 225 S. W. 916; Taylor v. Telegraph Co., 207 Mo. App. 146, 231 S. W. 78.]

Our statute further provides that, "Neither presumptions of law nor matters of which judicial notice is taken need be stated in pleadings." [Sec. 803, R. S. Mo. 1929.] It was therefore not necessary that these matters be called to the attention of the court by answer or demurrer. We therefore hold that it is incumbent upon the court to take judicial knowledge of the proclamations of the President and Governor of this State, as above mentioned, in construing plaintiff's petition. Since the petition alleges that defendant bank announced publicly on March 5, 1933, that it would pay no checks drawn on the bank, it is apparent that such announcement was made after the making of the executive order of the Governor of the State of Missouri, declaring a bank holiday. The proclamation of the President of the United States, declaring the bank moratorium was actually made on March 5, 1933, so that any announcement made by the bank was in harmony with that proclamation. In fact such announcement of the bank could have no bearing on the situation at that time in view of the binding character of the proclamations of the President and Governor. The moratorium ended on March 11, 1933. Plaintiff district therefore had from that date until May 5, 1933, in which to draw on defendant bank and hold the bank and its sureties liable on the bond sued upon. After that date the bond would not be liable for any default thereafter occurring. Plaintiff, according to the petition, drew no check against their account with the bank, with whom they apparently occupied the position of debtor and creditor, until the 9th day of April, 1934, about eleven months after the expiration of the bond. There was therefore no default until that time since no demand had been made upon the bank at any time before that date. [Sec. 12195, R. S. Mo. 1929; Henry Co. v. Salmon, 201 Mo. 136, 100 S. W. 20; Ralls County v. Savings Trust Co., 66 S. W. (2d) 115, l. c. 117, 334 Mo. 167.]

Moreover, there is no allegation in the petition that defendant bank was closed continuously after March 5, 1933. There is no allegation that plaintiffs had no opportunity to present a check or draft on the bank for the amount of plaintiff's deposit during the period covered by the bond and after the notice given by the bank that it would not honor checks. In other words, no excuse is pleaded that would relieve plaintiff from the duty of presenting its check during the period the bond was in force. Since the sureties on the bond were liable only for default occurring while the bond was in force and effect, we have reached the conclusion that the trial court

properly sustained the demurrer to the petition. The judgment should therefore be affirmed. It is so ordered. *Allen, P. J.,* and *Smith, J.,* concur.