HOWARD COUNTY v. FAYETTE BANK, R. WALDO HOLT, Commissioner of Finance, and R. T. COPELAND, Deputy Commissioner, Appellants. —149 S. W. (2d) 841.

Division One, April 18, 1941.

*A. W. Walker* and *Hunter & Chamier* for appellants.

*Jack H. Denny, Rubey M. Hulen* and *J. A. Collet* for respondent.

986

BRADLEY, C.—Plaintiff's claim for $27,378.54 against the failed Fayette Bank was allowed as preferred and defendants appealed.

The question is: Did the relation of debtor and creditor exist between the county and the bank, as to county funds on deposit at the time the bank closed on November 2, 1938? If such relation existed, plaintiff was not entitled to a preference. As to whether such relation existed depends upon whether the bank was selected as the county depository on July 5, 1937, and if so, whether it so remained after the effective date of the act of 1937, Laws 1937, p. 502, now Sec. 8183, R. S. 1939.

Section 2485, R. S. 1939, 4 Ann. Stat., sec. 2083, p. 2659, fixes terms of the county court, of such counties as Howard, as the first Mondays in February, May, August, and November, hence the first day of the regular May term of the county court was on May 2nd. June 8, 1937, during the May term, the county court made an order for publication of notice for bids of banks which desired to be selected as county depository, or depositories, and this notice was duly published. The order and the notice recited that the county funds "will

be divided into two parts; viz., general fund and school funds and bids for the depository of each fund will be made separately." The order for notice called for publication in some newspaper of Howard County "20 days before the commencement of the May adjourned term" on July 5, 1937, and the notice was so published. And the notice recited that bids would be received "until 10 o'clock A. M., on the 5th day of July, 1937, at the May adjourned term" of the court, and that the successful bidder or bidders would be required to execute a bond payable to the county, as was then provided by Sec. 12187, R. S. 1929; that the penalty of the bond for the general fund would be $75,000, and for the school fund $50,000.

██ July 3, 1937, the Fayette Bank filed its bid "for the general fund," and on July 5, 1937, at the May adjourned term the county court accepted the bid. The next step was August 3, 1937, the second day of the August term (we judicially notice calendar), at which time the bond was approved. The bond was for $75,000, and was signed by ten individuals, all of whom, except three, were stockholders in the bank and included the president, vice president, and cashier.

Sections 13846, 13849, 13850, and 8183, R. S. 1939, 9 Ann. Stat., sec. 12184 et seq., p. 6455 et seq., set out the steps to be taken in the selection of a county depository. Section 13846 provides: "It shall be the duty of the county court of each county in this state, at the May term thereof, in the year 1909, and every two years thereafter, to receive proposals from banking corporations, associations or individual bankers in such county as may desire to be selected as the depositories of the funds of said county. For the purpose of letting such funds such county court shall, by order of record, divide said funds into not less than two nor more than ten equal parts, and the bids herein provided for may be for one or more of such parts. Notice that such bids will be received shall be published by the clerk of said court twenty days *before the commencement of said term* (italics ours) in some newspaper published in said county, and if no newspaper be published therein, then such notice shall be published at the door of the courthouse of said county. . . ."

Section 13849 provides that "it shall be the duty of the county court at noon on the first day of the May term" to publicly open the bids and cause each bid to be entered of record and to select the depository or depositories "of all the public funds" going into the hands of the county treasurer.

Section 13850, in force in *all* its provisions when the bond here concerned was executed and approved, provides that, *within ten days after the selection* of a depository, it is the duty of each successful bidder "to execute a bond payable to the county, to be approved by the county court and filed in the office of the clerk thereof, with not less than five solvent sureties who shall own unencumbered real estate in this state of as great value as the amount of said bond, or with a

surety or trust company authorized by the laws of this state to execute bonds as surety: *Provided,* that the county court may accept in lieu of real estate as security, bonds of such county, or of the State of Missouri, or of the United States, or bonds fully guaranteed by the United States, which such bonds shall be deposited as the court may direct, with a trustee, trust company or other fiduciary designated or approved by it.''

The act of 1937, above referred to, Laws 1937, p. 502, now Sec. 8183, R. S. 1939, went into effect September 6, 1937, Laws 1937, p. 616, and, in effect, repealed that part of what is now Sec. 13850, supra, providing for personal sureties, etc., on county depository bonds. Section 8183, among other things, provides that ''notwithstanding any provisions of law of this state . . . the public funds of every county . . . which shall now or hereafter be deposited in any banking institution acting as a legal depository of such funds under the provisions of the statutes'' shall be secured by the deposit of securities as required by Sec. 13086, R. S. 1939, 11 Ann. Stat., pocket p. 165, and all amendments thereto.

Plaintiff challenges the claimed legal selection of the Fayette Bank as the county depository on the following grounds: (1) Failure to divide the county funds into not less than two nor more than ten parts; (2) failure to publish the notice for bids 20 days before the first day of the regular May term, and to do on the first day of the regular May term what was done on July 5th at the May adjourned term; and (3) failure to make and file the bond within ten days after the selection of a depository. And plaintiff makes the further contention that when the act of 1937, barring personal sureties on depository bonds, became effective September 6, 1937, any county funds thereafter deposited were held by the bank as trustee *ex maleficio,* even though the bank was theretofore legally selected as the county depository.

This order for the notice for bids and the notice recite that the funds would be divided into two parts, the general fund and the school fund, and there is no evidence that such was not done. And there was no evidence that a bid or bids, other than by the Fayette Bank, were not received. The Fayette Bank's bid recited specifically that it was for the general fund, and the order of July 5, 1937, accepting the Fayette Bank's bid, begins: ''In the matter of *bids* for county depository,'' etc. And when the county court clerk was on the stand he was asked and answered as follows: ''Q. Have you given us all the record that is in your office pertaining to the selection of *this* depository? A. Yes, sir.'' And, while we stated, supra, that the Fayette Bank's bond was approved on August 3, 1937, the order was: ''In the matter of *bonds* for county depositories; same are filed and approved'' (italics ours).

It may be that there was no division of the funds into general fund

and school funds, and it may be that there was no bid except that of the Fayette Bank, but if so, this record fails to so show. The burden was on plaintiff to show that the statute, relative to the selection of a depository, was not followed, Landwehr v. Moberly, 338 Mo. 1106, 93 S. W. (2d) 935, and plaintiff did not meet this burden on the point as to the division of funds.

And we might say that the failure to make the order for dividing funds would not necessarily be fatal. In Liquidation of People's Bank, 344 Mo. 611, 127 S. W. (2d) 669, 1. c. 671, the court said:

"As to the absence of a preliminary order for division of the funds: appellant has cited us no case and we have found none ruling this point. The fact that one bank bid for ten tenths and the other two banks for three tenths each shows that the bidders were familiar with the statute in this respect, and, as the county court awarded fourtenths to one bank and three tenths each to the other two banks, we fail to see how any public or private right was prejudically affected."

■ Was the failure to publish the notice for bids 20 days before the first day of the regular May term fatal to the legal selection of a county depository? The statutory requirements relative to the selection of a county depository are mandatory and "failure of compliance prevents title to the public funds passing to the bank and the relation of creditor and debtor arising," but "a literal compliance with the statutory provisions is not required if no public or private right is prejudicially affected." [Liquidation of People's Bank, 344 Mo. 611, 127 S. W. (2d) 669, 1. c. 671, and cases there cited.]

■ It will be noted that Sec. 13846 says that it shall be the duty of the county court at the *May* term to receive bids, and that notice that bids will be received shall be published 20 days "*before the commencement of said term.*" Defendants argue that *May* term means *May* term, and would include any *adjourned* term held between the first Monday in May and the first Monday in August, and that the county court, therefore, did at the *May* term, duly advertise for and did receive the Fayette Bank's bid, and did, at the *May* term, select the bank as a county depository. It will be noted that Section 13846 does not, in terms, say that the notice shall be published 20 days before the first day of the *regular* May term, as plaintiff says it means. But if the statute means as plaintiff contends, which we do not decide, such would not, as we see it, affect the validity of the selection of the Fayette Bank as a county depository. Section 13859, R. S. 1939, 9 Ann. Stat., sec. 12196, p. 6465, provides:

"If, for any reason, no selection of a depository is made at the time fixed by this article, the county court may at any subsequent term, after twenty days' notice, receive bids and select a depository or depositories in the manner herein provided, and the bank or banks so selected shall remain the depository or depositories until the next regular term for the selection of a depository as provided by Section

13846 of this article, unless the order selecting it be revoked for causes specified in this article."

It will be noted that Sec. 13859 says at *any* subsequent term. *Special terms* and *adjourned terms* of the county court are specifically recognized by statute. [See Secs. 2487, 2489, R. S. 1939, 4 Ann. Stat., secs. 2085, 2087, pp. 2660, 2661.] We do not think that the failure to publish the notice, etc., as claimed by plaintiff has substantial merit, and so rule.

■ On failure to file bond in 10 days, etc.: Sec. 13850, R. S. 1939, provides, among other things, that "within ten days after the selection of depositories, it shall be the duty of each successful bidder to execute a bond payable to the county, to be approved. by the county court and filed in the office of the clerk thereof. . . ." The date of execution of the bond and date of *filing* do not appear. It does appear, however, as stated, supra, that the bond was approved August 3, 1937. But if it be so that the bond was not executed or filed within the 10 days as provided in Sec. 13850, such would not affect the selection of the depository because such statutory provision is not mandatory. [Liquidation of People's Bank, supra, 344 Mo. 611, 127 S. W. (2d) l. c. 673, and cases there cited.]

■ On the effect of the act of 1937. As appears, supra, plaintiff had on deposit at the time the bank closed, November 2, 1938, $27,278.54. "The law presumes, in the absence of proof, that the first money received was the first money paid out." [Cherry, Receiver, v. Territory of Oklahoma, 17 Okla. 213, l. c. 217, 89 Pac. 190; Brauer's Liquidation of Financial Institutions, sec. 43.] Under the *first out* rule, all of plaintiff's money on deposit when the bank closed was deposited after the effective date of the act of 1937.

■ Failure of a selected depository to give the bond required by statute operates to nullify the selection. [Ralls County v. Commissioner of Finance, 334 Mo. 167, 66 S. W. (2d) 115, l. c. 117; Boone County v. Cantley, Commissioner of Finance, 330 Mo. 911, 51 S. W. (2d) 56, l. c. 58.] Withdrawing a lawful bond and substituting therefor security not authorized by law has the same effect. [White v. Greenlee, 330 Mo. 135, 49 S. W. (2d) 132, l. c. 134.] In the White case the court said (49 S. W. (2d) l. c. 135):

"The bank, at the time of its selection as a depository, gave a statutory bond to insure the performance of its obligations under the contract for the two-year period. This bond was a prerequisite to its legal designation and its continued status as a depository. The surrender of this bond during the term of the contract ended the status of the bank as a lawful depository, unless the substituted bond was of like legal sufficiency."

Plaintiff argues that after the effective date of the act of 1937, the depository bond was no longer the depository bond required by statute, as was the substituted security in the White case, and plain-

tiff says that as to deposits made after the effective date the bank was a trustee *ex maleficio*.

"Although a statute under which a bond is executed may subsequently be amended or repealed, the validity and force of the bond will not be affected thereby. . . . On the other hand, a bond void by the act under which it is executed, will not be validated by a subsequent general act." [9 C. J., p. 28, sec. 42.] It cannot be said that, as to the county deposits, there was not a contractual relation existing between the plaintiff on the one hand and the bank on the other, and the contract was evidenced by the bid, the order of acceptance, and the bond. Section 15, Article 2 of our Constitution provides that no law impairing the obligation of contracts can be passed by the General Assembly. Also, the Constitution of the United States, Section 10, Article 1, says that no State shall pass any law impairing the obligation of contracts.

Plaintiff concedes that a contractual relation existed, but says that all of the applicable statutes would be considered as a part of the contract, which is true, and with this premise plaintiff refers to Sec. 13860, R. S. 1939, 9 Ann. Stat., p. 6465, sec. 12197, which provides that "if the county court shall, at any time, deem it necessary for the protection of the county, it may require any depository to execute a new bond, and upon failure to do so within five days after the service of a copy of the order upon said bank or individual banker, said county court may proceed to select another depository in lieu thereof," and then plaintiff says: "Under this statute what becomes of the appellants' position that for the county to call upon the bank for other security would violate the terms of the contract between the county and the bank?"

The trouble with plaintiff's argument is that the county court did not "deem it necessary for the protection of the county" to require the execution of a new bond, but so far as appears, was satisfied with the bond it had.

It is quite clear, we think, that plaintiff was not entitled to a preference. Therefore, the judgment should be reversed and the cause remanded with directions to allow plaintiff's claim as a common claim only, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.