REICHERT *v.* BERKLEY STATE BANK.

SAME *v.* AMERICAN STATE BANK OF FERNDALE.

1. TRUSTS—PUBLIC FUNDS LEGALLY DEPOSITED—FAILURE TO WITH-
DRAW ON CANCELLATION OF BOND.
> Where townshp officers, with knowledge that bank duly desig-
> nated depository of township funds had canceled its bond,
> designated another depository, but township treasurer failed
> to withdraw money, and bank became insolvent, said money
> did not become trust fund in hands of receiver, and township
> may not assert rights superior to other creditors, since bank,
> under circumstances, was not trustee *ex maleficio*.

2. APPEAL AND ERROR—CERTIFIED QUESTIONS.
> Rule permitting certified questions to Supreme Court does not
> contemplate decision of said questions in circuit court (Court
> Rule No. 78).

Certified question from Oakland; Gillespie (Glenn
C.), J. Submitted January 29, 1932. (Calendar
No. 36,282.) Decided March 2, 1932.

Petitions by Rudolph E. Reichert, State banking
commissioner, against Berkley State Bank and
American State Bank of Ferndale, Michigan corpo-
rations, for appointment of receivers. Township of
Royal Oak petitioned to impress a trust upon cer-
tain assets. Questions relative to preference of pub-
lic moneys on deposit certified to this court under
Court Rule No. 78.

*Arthur E. Moore,* for petitioner.

*Pence & Stark,* for defendants.

Wiest, J.   Two questions are certified to this court from the Oakland circuit.

"1.   Where a bank has been duly designated as a depository for township funds, files a qualifying bond as required by section 1017, 1 Comp. Laws 1929, and receives deposits of township money, but thereafter cancels such bond or permits it to lapse, with the knowledge of the township officials, who thereafter designate another depository, but the township treasurer fails to withdraw the money and it is retained by the bank without bond, is the township, upon subsequent insolvency of the bank, entitled to have such funds repaid by the receiver as a trust fund, out of the cash remaining in the bank at the time of the receiver's appointment, in preference to the general creditors?

"2.   Does the acceptance of a dividend as a common creditor estop the township from asserting its claim as a beneficiary of the trust fund?"

The first question is answered in the negative and, therefore, the second question need not be answered.

The funds were lawfully deposited. 1 Comp. Laws 1929, § 1017. Cases involving unlawful deposits have no application. Township officers, with knowledge that the bond, given by the bank to secure repayment of the moneys deposited, had been canceled, performed their duty in designating another depository. The failure of the township treasurer to withdraw the money and place it in the new depository did not and could not constitute the bank, in which it was left, a trustee *ex maleficio*. The case of *Reichert* v. *United Savings Bank,* 255 Mich. 685, is not a holding to the contrary.

The bank having given a bond in compliance with law, and the treasurer having been directed to make deposits therein, such deposits, when made, stood to the credit of the township and the bank became

indebted therefor. The law required the bond, the bond was given and stood as security for repayment of the money deposited, and the law contemplated no other relation.

Upon designation by the township officials of a new depository, and direction to the treasurer to place the township funds therein, it was the duty of the treasurer to withdraw the funds from the old depository and place the same in the new. This he failed to do. Where the law provides for adequate security, safeguarding public funds, its provisions must be followed, and were followed in this instance by the township board, and the failure of the township treasurer to comply with the direction of the board does not permit the township to assert rights superior to other creditors.

Two cases are here consolidated, and what we have said applies to both. Because of the public importance of the first question, we overlook fault in procedure. Decisions in the circuit do not fall within the rule permitting certified questions. We have entertained jurisdiction, but disclaim establishment of a precedent.

The circuit judge is advised to decide in accord with this opinion.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.