REICHERT v. AMERICAN STATE SAVINGS BANK.

TRUSTS—BANKS AND BANKING—SCHOOL FUNDS ILLEGALLY DEPOSITED PREFERRED CLAIM.

> Where bank was informally designated as depository of school funds by some officers of school district, but no vote was had or record made, and treasurer deposited school money therein without exacting statutory bond, deposit was unlawful and constitutes preferred claim against bank's receiver (2 Comp. Laws 1929, §§ 7112, 7113).

Appeal from Ingham; Carr (Leland W.), J. Submitted June 15, 1932. (Docket No. 139, Calendar No. 36,618.) Decided September 16, 1932.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against American

As to claim of preference of trust deposit out of funds of insolvent bank, see annotation in 1 L R. A. (N. S.) 252.

State Savings Bank. On petition of School District No. 7, Lansing township, Ingham county, and others to establish preferred claims. From order denying preference to School District No. 7, it appeals. Reversed.

*Cummins & Cummins,* for appellant.

*Kelley, Sessions, Warner & Eger,* for receiver.

WIEST, J. The treasurer of School District No. 7, Lansing township, Ingham county, deposited school money in the American State Savings Bank of Lansing, without the security required by 2 Comp. Laws 1929, §§ 7112, 7113.

This is an appeal by the school district from an adjudication that school money so on deposit in the bank at the time a receiver was appointed is not a preferred claim.

The depository was informally designated by some of the school officers, but no vote was had or record made. The treasurer, under mandate of the statute, should have exacted a bond but failed to do so.

Counsel for plaintiff cite *Reichert* v. *United Savings Bank,* 255 Mich. 685. There, as here, the deposit was unlawful, and preference was adjudged.

Counsel for defendant cite *Reichert* v. *Berkley State Bank,* 257 Mich. 202. There the deposit was lawful, but not withdrawn when the security lapsed.

In the opinion in the latter case it was stated:

"The funds were lawfully deposited. * * * Cases involving unlawful deposits have no application."

Without bond the deposits were unlawful and constitute a preferred claim.

The decree in the circuit court is reversed, and a decree will be entered in this court in accord with this opinion, with costs to appellant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.