REICHERT *v.* PLYMOUTH UNITED SAVINGS BANK.

APPEAL OF TOWNSHIP OF PLYMOUTH.

1. Banks and Banking—Depositaries—Township Funds—Statutes.

Statute imposing liability on township treasurer and his surety for deposits of public funds not made in accordance therewith but which also requires township board to designate depository *held*, not to make deposit illegal or constitute bank a trustee *ex maleficio*, where deposit was made without any depository having been designated, since bank is not prohibited from accepting township funds without being designated a depository (Act No. 40, Pub. Acts 1932 [1st Ex. Sess.]).

2. Same—Preferences—Township Funds—Prerogative Right.

Preference may not be accorded township funds in closed bank which had been deposited by treasurer therein without any depository having been designated, since neither the State nor any of its subdivisions has a prerogative right to preference (Act No. 40, Pub. Acts 1932 [1st Ex. Sess.]).

Edward M. Sharpe, J., dissenting.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 14, 1934. (Docket No. 1, Calendar No. 37,485.) Decided October 23, 1934.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Plymouth United Savings Bank. On petition of Township of Plymouth, intervener, to have its deposit declared a preferred claim and of State banking commissioner for reorganization of the bank. Order denying petition of Township of Plymouth. Decree authorizing reorganization. Intervener appeals. Affirmed.

*John L. Crandell,* for defendant township.

*Goodenough, Voorhies, Long & Ryan,* for defendant Plymouth United Savings Bank.

Wiest, J.   The deposits were all made after the effective date of Act No. 40, Pub. Acts 1932 (1st Ex. Sess.).   That statute required the township board to designate a depository, dispensed with depository bond, required deposits be made in a depository, when designated, and constituted the treasurer and his bond liable for deposits made otherwise.   No depository was designated, therefore, the treasurer deposited in accord with modern business conditions.   The liability imposed by the statute on the treasurer could not make the deposit illegal or constitute the bank a trustee *ex maleficio.*   The law does not prohibit a bank from accepting deposits of township funds without being designated a depository.

My thought is well expressed in *United States Fidelity & Guaranty Co.* v. *Carter,* 161 Va. 381, 405, 406 (170 S. E. 764, 90 A. L. R. 191, 207):

"While there is no express statutory provision authorizing a county treasurer to deposit public funds in his hands in bank to his credit as treasurer, he commits no misfeasance or malfeasance and is guilty of no wrong in so doing, provided he has acted in good faith and with due care.   It is not only permissible for him to do so, but under modern business conditions he should do so. *County of Mecklenburg* v. *Beales,* 111 Va. 691 (69 S. E. 1032, 36 L. R. A. [N. S.] 285); *Ætna Casualty & Surety Co.* v. *Board of Supervisors,* 160 Va. 11 (168 S. E. 617); *School Twp. of Eden* v. *Stevens,* 158 Iowa, 119 (138 N. W. 927); *Kies* v. *Wilkinson,* 101 Wash. 340 (172 Pac. 351); *Phillips* v. *Yates Center National Bank,* 98 Kan. 383 (158 Pac. 23, L. R. A. 1917 A, 680); *State* v. *McFetridge,* 84 Wis. 473 (54 N. W. 1, 20 L. R. A. 223).

"A county treasurer holds public funds upon a trust for the commonwealth and/or the county. But trust funds may be deposited in bank on general deposit without committing a breach of trust; and the fact that the bank knows, or is charged with knowledge, that the fund is a trust fund does not make it a special deposit. We are of opinion, and so hold, that where public funds are deposited in bank by a county treasurer to his credit as such, without anything to establish it as a special deposit other than the bank's knowledge that the funds deposited are public funds, the deposit is a general deposit, the bank becomes indebted to him just as it does to any other fiduciary who deposits fiduciary funds therein, and he is entitled to no priority of payment because of the public character of the funds. *People, ex rel. State Auditor,* v. *Home State Bank,* 338 Ill. 179 (170 N. E. 205); *Incorporated Town of Conway* v. *Conway,* 190 Iowa, 563 (180 N. W. 677); *City of Aurora* v. *Bank of Aurora,* 227 Mo. App. 343 (52 S. W. [2d] 496); *Kies* v. *Wilkinson, supra.*"

We held in *Fry* v. *Equitable Trust Co.,* 264 Mich. 165 (90 A. L. R. 175), that the State has no prerogative right to preference and it follows that, if the State has no such right, its subdivisions have none.

But it may be said that the preference here sought is not prerogative but under the theory of a trust *ex maleficio.* The thought is ingenious but only fugitive.

The holding of my Brother shifts the liability of the treasurer and his surety to the bank, and, therefore, to the detriment of the other general depositors.

The order denying preference is affirmed.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, and Bushnell, JJ., concurred with Wiest, J.

EDWARD M. SHARPE, J. (*dissenting*).   February 2, 1933, the Plymouth United Savings Bank of Plymouth, Michigan, was closed by the State banking commissioner.   On the same day the president of the bank, Charles A. Fisher, was appointed custodian.   February 23, 1933, $1,200 of the welfare funds of Plymouth township were released by a court order, leaving a balance of township funds in the bank in the sum of $17,427.   Soon after the bank closed, a group of depositors became interested in the reopening of the bank and on April 8, 1933, an order to show cause was issued on motion of the attorney general for a hearing on a plan of reorganization of the bank to be held April 25, 1933.   The order provided that depositors might file written objections to the plan of reorganization.   On April 11, 1933, another order to show cause was entered, similar in form to the first order and specifying the day of hearing to be April 27, 1933.   On April 11, 1933, the township of Plymouth filed petition to intervene as a depositor, which petition was granted April 24, 1933.

On April 11, 1933, the township of Plymouth filed a petition for the release of $8,500 of school funds on deposit.   An amended petition was filed April 13, 1933, praying payment of the entire township deposit.   The petition as amended avers that prior to the deposit of the funds in the bank by the township treasurer, no resolution was passed by the township board designating said bank as legal depository for the public funds of the township.   The answer to this petition shows that at the time this account was opened the bank was informed that the deposit was of township tax funds and that the township treasurer informed the president of the bank that the bank had been designated as the legal depository for

the township funds. On April 25, 1933, a hearing was had and the township's petition and amended petition were denied.

On April 27, 1933, there was a final hearing on the petition of the State banking commissioner for reorganization of the bank, and at this hearing the township of Plymouth, as a depositor, objected to any further proceedings in the cause for the reason that the petition of the State banking commissioner could not be found in the files, although it was there when the order to show cause was signed by the trial judge. However, more than 85 per cent. of the depositors had consented to the reorganization plan. The trial judge then issued an order permitting a copy of the petition to be filed as of the day of the order and approving the reorganization. The township of Plymouth appealed both from the order denying a preference to township deposits and from the decree for reorganization.

The principal question involved is the right of the township to a preferred claim as against the assets of the bank, when the township treasurer deposited township funds in the bank without a resolution by the township board designating the board as a depository.

Act No. 40, Pub. Acts 1932 (1st Ex. Sess.), authorizes the treasurer to deposit township funds only in a bank which has been designated by a resolution of the township board. Section 1006, 1 Comp. Laws 1929, provides that the township clerk shall keep a record of the proceedings of every township meeting. Under the provisions of the compiled laws above referred to, the official acts of the township board are a matter of public record and as such the bank was chargeable with the knowledge that the township treasurer was depositing money in the

bank without any resolution of the township board designating the bank as a depository.

In 20 R. C. L. p. 346, it is said:

"Whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand; and if he omits to inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained. This, in effect means that the notice of facts which would lead an ordinarily prudent man to make an examination which, if made, would disclose the existence of other facts is sufficient notice of such other facts. A person has no right to shut his eyes or his ears to avoid information, and then say that he had no notice; he does wrong not to heed the 'signs and signals' seen by him. It will not do to remain wilfully ignorant of a thing readily ascertainable."

The deposit of township funds contrary to the provisions of Act No. 40, Pub. Acts 1932 (1st Ex. Sess.), was illegal and rendered the bank a trustee *ex maleficio,* the general rule being that where public moneys are deposited in violation of law in a bank with actual or constructive knowledge of the facts, they are trust funds. *Reichert* v. *United Savings Bank,* 255 Mich. 685 (82 A. L. R. 33), and authorities cited therein; *Page County* v. *Rose,* 130 Iowa, 296 (106 N. W. 744, 5 L. R. A. (N. S.) 886, 8 Ann. Cas. 114), and cases cited therein; and collection of cases in 51 A. L. R. 1342 and 65 A. L. R. 693.

This ruling renders unnecessary discussion of the other points raised.

The order denying preference should be reversed and defendant allowed preference as to such public money illegally deposited by the township treasurer. Costs to appellant.