REICHERT *v.* LOCHMOOR STATE BANK.

APPEAL OF RURAL AGRICULTURAL SCHOOL DISTRICT
NO. 1, GROSSE POINTE TOWNSHIP.

1. Depositaries—Designation by Township—Banks and Banking.
   In suit by township to establish preference as to deposit in bank in another county, resolution of township board that such bank be ordered to furnish depository bond as required by law *held*, sufficient to designate the bank as depository for purposes of the case.

2. Trusts—Public Funds Illegally Deposited.
   Public funds received by bank with knowledge, actual or constructive, that essential statutory requirements for deposit thereof have not been complied with, are impressed with trust *ex maleficio*, if they can be traced.

3. Depositaries—Designation—Treasurer's Choice.
   The treasurer of a municipality may make a valid deposit in a bank of his choice on the basis of his general control of the funds except where restricted under statute, where no depository is designated.

4. Same—Designation of Bank in Another County.
   Designation by township board of bank in another county as depository of township funds *held*, in contravention of statute requiring depository to be in same county and township treasurer was under no obligation to deposit moneys in the bank (1 Comp. Laws 1929, § 1017).

5. Same—Illegality of Designation—Principal and Surety.
   Sureties on a depository bond are estopped from denying liability for deposits on the ground of illegality of designation of the depository.

6. Same—Public Funds.
   A person shall not take advantage of his own wrong in gaining control of public moneys.

7. SAME—ESTOPPEL.
    A person who receives public funds in a special capacity shall
    not be permitted to refer the taking to another relationship
    in order to gain advantage to himself and deprive the public
    of its moneys and any right of election arising out of
    diverse relationships must remain in the public.

8. SAME—TRUSTS—DESIGNATION.
    Whether deposit of township funds in bank located in another
    county was pursuant to lawful designation and illegal to the
    extent it exceeded the bond furnished or deposit was ille-
    gally received by bank as a designated depository *held,* imma-
    terial where cash on hand when bank closed was less than
    total of trust funds whether all or only the excess above
    surety bonds be treated as a trust fund (1 Comp. Laws 1929,
    § 1017).

Appeal from Wayne; Dingemen (Harry J.), J.
Submitted April 10, 1935. (Docket No. 15, Calendar
No. 38,115.) Decided September 9, 1935.

Receivership proceedings by Rudolph E. Reichert,
State Banking Commissioner, against Lochmoor
State Bank. On petition of Rural Agricultural
School District No. 1, Grosse Pointe Township,
Wayne County, to have its deposit declared a pre-
ferred claim and to determine liability on depository
bonds impleading New Amsterdam Casualty Com-
pany, a New York corporation, and another. On
petition of Township of Lake, Macomb County, in-
tervener, to have its deposit declared a preferred
claim. From order denying petitions of interveners
as to establishment of preferred claims, intervener
Rural Agricultural School District No. 1, Grosse
Pointe Township, appeals. Affirmed.

*William G. Fitzpatrick,* for petitioner Rural Agri-
cultural School District No. 1, Grosse Pointe Town-
ship.

*John H. Yoe,* for petitioner Township of Lake.

*Neil E. Graham,* for defendant receiver.

Fead, J.  April 26, 1931, a permanent receiver was appointed for Lochmoor State Bank, which is located in Wayne county.  Lake township is located in Macomb county.  In April, 1930, the township board of Lake township adopted a resolution that two banks located in Macomb county and the Lochmoor State Bank "as depositories of the township funds be ordered to furnish depository bonds as required by law."

Such resolution was sufficient to designate the banks as depositories for the purposes of this case. *Reichert* v. *American State Savings Bank,* 260 Mich. 49.

Neither of the designated Macomb banks gave a depository bond.  The Lochmoor State Bank furnished a bond in the sum of $2,500, in which it recited it had been designated depository for the Lake township funds.  The Lake township deposit when the bank closed was $94,906.47.  The bank closed with commercial cash on hand, including deposits in correspondent banks, of $37,924.84.  Other municipalities had commercial deposits in the bank, not secured by sufficient bonds, which would entitle them to preferences as to the cash on hand under the doctrine of trust *ex maleficio.*  However, if the deposit of Lake township be held a like trust, the total trust deposits exceeded the cash and none of the municipalities may claim a preference.  *Reichert* v. *Fidelity Bank & Trust Co.,* 261 Mich. 107, 114.  The question is whether the Lake township deposit is a trust fund in view of 1 Comp. Laws 1929, § 1017.

"That the township board of any township may provide by resolution for the depositing of any or all moneys coming into the hands of the treasurer of said township, and said treasurer shall deposit said money in such bank, banks or depository within the county in which said township is located as said

township board may direct, subject to the provisions of this act. * * * Provided, That no bank or depository shall receive a larger deposit of said funds than the amount of the bond as hereinafter provided, and in no event to exceed one hundred thousand dollars, and such bank or banks shall give a good and sufficient bond to be approved by the township board, conditioned for the receipt, safekeeping and payment of all money which may come into its custody, in the amount designated as the penalty in the bond furnished by the township treasurer to the township. It shall be the duty of the treasurer of said township to see that a sum in excess of the amount of the bond is not deposited in such bank or banks, and said treasurer and his bondsmen shall be liable for any loss occasioned by deposits in excess of the amount of such bond. * * * When a depository is provided as authorized herein and the funds are deposited therein as herein directed, the treasurer of the township and his bondsmen shall be relieved of any liability occasioned by the failure of the bank or banks of deposit, *. * * except as herein provided in cases of excessive deposits.''

The court held the Lake deposit a trust fund.

The rule is:

" 'Public funds, received by a bank with knowledge, actual or constructive, that the essential statutory requirements for the deposit thereof have not been complied with, are impressed with a trust *ex maleficio,* if they can be traced.' *In re North Missouri Trust Co.* (Mo. App.), 39 S. W. (2d) 415.'' *Reichert* v. *United Savings Bank,* 255 Mich. 685 (82 A. L. R. 33).

See, also, *Reichert* v. *State Savings Bank of Royal Oak,* 261 Mich. 227; *Reichert* v. *American State Savings Bank, supra.*

In each of these cases the bank had been lawfully designated a depository but had failed to give the bond required by statute.

In *Reichert* v. *Plymouth United Savings Bank,* 269 Mich. 136, no depository was designated by the local board, as required by statute, and it was held that a deposit made by the treasurer was not a trust *ex maleficio.* It was pointed out that the law did not prohibit a bank from accepting deposits without being a designated depository. And the case is authority for the proposition that where no depository is designated, the treasurer may make a valid deposit in a bank of his choice on the basis of his general control of the funds except where restricted under statute.

The township of Lake and the receiver take the position that the designation of Lochmoor State Bank as depository was lawful but that the township deposit in excess of the amount of the depository bond constitutes a trust fund, and, because the total trust deposits exceed the cash, no municipality can claim a preference.

Appellant contends the designation of the Lochmoor State Bank as depository was wholly illegal and void, had the same effect as no designation, the Lake township deposit was legal because the treasurer was at liberty to deposit funds where he pleased under his authority as custodian of township moneys and the deposit is not a trust fund.

We agree that the designation of the Lochmoor State Bank as depository was in contravention of the statute. The treasurer was under no legal obligation to deposit moneys in the bank. Had both he and the bank disregarded the designation and had the deposit been made under the treasurer's general authority as custodian, a different question would be presented. But the bank accepted the designation, furnished a bond in pursuance of it, the deposits were made by the treasurer in the bank as

designated depository, were so received by the bank, and the case must be considered upon such facts.

We have discovered no authorities in point. However, it is the rule that sureties on a depository bond are estopped from denying liability for deposits on the ground of illegality of designation of the depository. *Buhrer* v. *Baldwin,* 137 Mich. 263; 18 A. L. R. 276, note. As a matter of protection of public funds against illegal acts of officers and others it is a salutary principle that a person shall not take advantage of his own wrong in gaining control of public moneys. It is merely restating the principle to say that one who receives public funds in a special capacity shall not be permitted to refer the taking to another relationship in order to gain advantage to himself and deprive the public of its moneys. Any right of election arising out of diverse relationships must remain in the public.

It is not necessary in the instant case to carry the principle of estoppel or election to its ultimate conclusion. If the designation be treated as lawful, the Lake township deposit nevertheless was illegal and constituted a trust fund to the amount of the excess of the deposit over the penal sum of the bond furnished. If, however, the designation is to be treated as illegal, then the whole of the deposit, because it was received by the bank in the capacity of designated depository and not under the independent and general power of the treasurer, was received in violation of law and is a trust fund. The result on distribution of the estate is the same in either case.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.