ATTORNEY GENERAL, *ex rel.* STATE BANKING COM'R, *v.*
MICHIGAN SAVINGS BANK OF VASSAR.

PETITION OF SCHOOL DISTRICT NO. 2, VASSAR
TOWNSHIP.

APPEAL OF WALTON, RECEIVER.

1. TRUSTS—TRACING FUNDS—IMPRESSMENT OF TRUST.

A trust fund may be followed and the trust impressed upon
property into which the fund may be traced, although when
not traceable into specific property and it is sought to impress
the trust upon the cash in possession of the trustee it must be
shown he has maintained an uninterrupted cash balance equal
to or greater than total of the particular trust fund and other
like funds.

2. BANKS AND BANKING—PREFERENCES—TRUSTS EX MALEFICIO—
MUNICIPAL CORPORATIONS—SCHOOL FUNDS.

School district which had funds on deposit in closed bank which
had not given depository bond as required by law *held,* not
entitled to preference on theory bank was trustee *ex maleficio*
where total of like municipal funds at date of closing ex-
ceeded cash then on hand although a subsequent settlement
with village which had a deposit, illegal also because it ex-
ceeded total of bank's capital and surplus, left total of illegal
municipal deposits less than cash at closing (1 Comp. Laws
1929, § 1792).

Appeal from Tuscola; Sample (George W.), J.,
presiding.  Submitted October 21, 1936.  (Docket
No. 129, Calendar No. 38,809.)  Decided December 9,
1936.

Receivership proceedings by Paul W. Voorhies,
Attorney General, *ex rel.* Rudolph E. Reichert,
State Banking Commissioner, against Michigan Sav-
ings Bank of Vassar, Michigan.  On petition of

Lorenzo H. Williams, Treasurer of School District No. 2, Vassar Township, Tuscola County, to declare a preference as to its deposit. Decree for intervening petitioner. Lewis Walton, receiver, appeals. Reversed.

*Maurice C. Ransford,* for intervener.

*H. P. Orr (W. S. Rundell,* of counsel), for defendant receiver.

FEAD, J. In 1932, the Michigan Savings Bank of Vassar, with capital of $25,000 and surplus of $12,500, closed its doors and a receiver for it was appointed. It had cash on hand and in solvent correspondent banks of $13,155.51.

Among its depositors were the village of Vassar, for $51,829.48, intervener school district No. 2, for $1,540.76, and 10 other municipalities for an aggregate of $7,577.16. No depository bonds had been given to secure these deposits as required by law, except that of the village of Vassar.

Section 1792, 1 Comp. Laws 1929, prohibits a village from depositing in a bank an amount in excess of the capital and surplus of the bank. Claiming that this statute rendered its deposit illegal and, therefore, raised a trust *ex maleficio,* the village of Vassar filed a petition that its deposit be impressed upon the cash assets of the bank as a trust. The court denied the petition on the ground that, while the village deposit was lawful to the amount of the bank's capital and surplus, the total illegal municipal deposits exceeded the cash resources of the bank. The village claim was later settled.

Thereafter this intervener petitioned for full payment of its deposit as a trust fund. The court granted the petition and the receiver appeals.

The rule is that a trust fund may be followed and the trust impressed upon property into which the fund may be traced. The rule is the same when the fund cannot be traced into specific property and it is sought to impress the trust upon the cash in possession of the trustee. But in the latter case the rule is aided by a legal fiction. If the trustee maintains an uninterrupted cash balance equal to or greater than the trust fund, the law raises the presumption that, although he is a trustee *ex maleficio,* he nevertheless is comparatively honest and has kept the trust fund intact and in cash. But, of course, such fiction and presumption can exist only if the cash kept on hand equals or exceeds the total of all like trust funds. The rule and fiction are amply discussed in *American Employers Ins. Co.* v. *Maynard,* 247 Mich. 638; *Reichert* v. *United Savings Bank,* 255 Mich. 685 (82 A. L. R. 33); *Reichert* v. *Fidelity Bank & Trust Co.,* 261 Mich. 107, 115, 117; *Reichert* v. *Lockmoor State Bank,* 272 Mich. 433; *Intercollegiate Alumni Club* v. *Kirchner,* 272 Mich. 466.

Intervener, however, contends that the denial of preference to the village of Vassar by the court wholly eliminated that claim from consideration and the other municipal deposits may be impressed as trusts because the cash on hand exceeded their total.

This contention, if adopted, would have interesting results. In cases where there are a number of trusts *ex maleficio* and their total sum exceeds the cash on hand, the court would be obliged to deny preference to those first petitioning or first heard and to order paid in full those presenting their claims after the process of attrition has reduced the total outstanding trusts to a point equal to the cash balance. This would require us to add a new and hardly tenable fiction to the doctrine of trusts *ex maleficio,* that the

trustee has kept on hand only the funds of those strategically or luckily latest in the line of future litigants.

As indicated by the cases above cited, the presumption may be applied only if the cash on hand equals or exceeds the sum of all the trusts; and where claim for preference is made, it is the duty of the receiver to investigate the deposits and present the true situation to the court.

Reversed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.